## MUSTIN v. CADWALADER.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
EASTERN DISTRICT OF PENNSYLVANIA.

Submitted November 3, 1887. — Decided November 21, 1887.

Under § 2930 of the Revised Statutes, the merchant appraiser must be a person familiar with the character and value of the goods.

In a suit to recover back duties paid under protest, an importer has a right to show that that provision of the statute has not been complied with.

*Oelbermann* v. *Merritt* (*ante*, p. 356), affirmed.

THIS was an action against the collector of the port of Philadelphia, to recover back duties alleged to have been illegally exacted. Judgment for defendant. Plaintiff sued out this writ of error. The case is stated in the opinion of the court.

*Mr. Henry Edwin Tremain, Mr. Mason W. Tyler, Mr. Alexander P. Ketchum,* and *Mr. Frank P. Prichard,* for plaintiffs in error.

*Mr. Solicitor General* for defendant in error.

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

This is an action at law brought in the Court of Common Pleas for the County of Philadelphia, in the State of Pennsylvania, by the members of the copartnership firm of Thomas J. Mustin & Co., against the collector of the port of Philadelphia, and removed into the Circuit Court of the United States for the Eastern District of Pennsylvania, to recover the sum of $346.09, alleged to have been illegally exacted by the collector as duty on worsted yarn imported by the plaintiffs from Bremen, and entered at the custom house July 1, 1886. There was a protest, an appeal to the Secretary of the Treasury, and a decision by him, before the suit was brought. The statute in force at the time, applicable to the goods in question, was Schedule K of § 2502 of the Revised Statutes, as enacted by the act of March 3, 1883, c. 121, 22 Stat. 509, which imposes as duty on worsted yarns valued at above 40 cents per pound and not exceeding 60 cents per pound, 18 cents per pound, and in addition 35 per cent *ad valorem;* and on the same article valued at above 60 cents per pound and not exceeding 80 cents per pound, 24 cents per pound, and in addition 35 per cent *ad valorem.* The goods in question were entered as having cost not more than 60 cents per pound and as being dutiable at 18 cents per pound and 35 per cent *ad valorem,* making the dutiable value $922, and the amount of duty, $611.42, corresponding with the invoice. The appraiser advanced the valuation from $922 to $1041, the increase changing the rate of duty from 18 cents per pound to 24 cents per pound, and resulting in a total duty of $749.31, instead of $611.42, and in an additional duty of 20 per cent under § 2901 of the Revised Statutes, on the $1041, or $208.20, making a total duty of $957.51, or $346.09 more than the amount stated by the plaintiffs on the entry as the proper duty. After the invoice had been advanced in value by the appraiser, the importers demanded a re-appraisement, which took place before the general appraiser and a

merchant appraiser, the latter being William F. Read. The claims of the plaintiffs on the trial were in accordance with the claims made in the protest.

At the trial, it appeared that, at the opening of the proceedings for the appraisement by the general appraiser and the merchant appraiser, the broker of the plaintiffs appeared before them and presented to them a written protest against the appointment of Mr. Read as merchant appraiser, which stated "that the said William F. Read is not an importer of or dealer in the particular quality or kind of yarn in dispute, and that he is not acquainted with the foreign market values of the same, and that, therefore, his appointment is not in conformity with the customs regulations on this subject." The protest cited article 466 of the general regulations under the customs laws, issued by the Treasury Department in 1884, and in force at the time of the plaintiffs' importation, and which required that the merchant appraiser should be a "discreet and experienced merchant, a citizen of the United States, familiar with the character and value of the goods in question," and referred to § 2930 of the Revised Statutes. The plaintiffs offered this paper in evidence, and it was objected to by the defendant as immaterial, and also on the further ground that, as there had been a merchant appraisement, the same was final and conclusive as to the value of the goods, and that it could only be attacked upon the ground of fraud. The plaintiffs also offered to show that Mr. Read was not familiar with the character and value of the goods. This evidence was objected to by the defendant as immaterial and irrelevant. All of the evidence thus offered was ruled out by the court, on the ground that the act of Congress had confided exclusively to the collector the selection of the merchant appraiser, and that the importer had no right to object to such selection; that the provisions of the statute were simply directory to the collector; that evidence tending to show that the person selected had not the requisite familiar knowledge of the subject matter of the importation to enable him to discharge his duties satisfactorily could not be regarded as sufficient ground for assailing the action of the collector; and that his

action in selecting a particular person to be merchant appraiser was not subject to revision in any court where the importer sought to recover what he claimed to be an erroneous imposition of duties. The plaintiffs excepted to these rulings. There was a verdict and a judgment for the defendant, to review which the plaintiffs have sued out a writ of error.

The question involved in the exclusion of the evidence offered, is the same question as that passed upon in the case of *Oelbermann* v. *Merritt*, decided herewith. For the reasons stated in the opinion in that case, it must be held that the evidence was erroneously excluded.

Other questions were raised by the plaintiffs at the trial, and are discussed in the briefs of their counsel in this court, but we do not think it necessary or proper to pass upon any question other than the one above considered.

*The judgment of the Circuit Court is reversed, and the case is remanded to that court, with a direction to award a new trial.*