Morris v. Sliter.

## MORRIS vs. SLITER.

In covenant by the vendor for the purchase money, upon a contract for the sale of land, where the purchaser was to pay the price of the land, in five years from the date, with interest annually and to pay the taxes on the land, and the vendor covenanted that "AFTER" the purchaser "shall have paid the above sums of principal and interest, at the time and in the manner above specified, and shall have performed the agreement above mentioned," he would sell and convey the land purchased by a good and sufficient warranty deed, and there was no averment in the declaration of a readiness on the part of the plaintiff, or an offer by him to convey; it was held on a motion in arrest of judgment, that payment by the defendant was to precede the conveyance by the plaintiff, and that the latter could maintain an action for the purchase money without conveying, or tendering a conveyance.

MOTION in arrest of judgment. The plaintiff counted in covenant upon a sealed agreement between the parties, dated March 20, 1837, by which the defendant covenanted to pay the plaintiff $250 with the interest thereon annually, in five years from the date; and also covenanted to pay all taxes assessed upon the land which the plaintiff was to convey. And the plaintiff covenanted that "after the said party of the second part [the defendant] shall have paid the above sums of principal and interest at the time and in the manner above specified, and shall have performed the agreement above mentioned," the plaintiff would sell and convey to the defendant by a good and sufficient warranty deed a certain lot of land described in the contract. Breach that the defendant had not paid the principal sum of $250 nor the interest thereon. There was no averment

of a readiness, or an offer to convey by the plaintiff. Verdict for the plaintiff for principal and interest.

*N. Hill, jun.* for the defendant.

*J. S. Masters,* for the plaintiff.

*By the Court,* BRONSON, Ch. J.    When there are mutual covenants between the parties, the thing to be done by one being the consideration for the thing to be done by the other, and both parties are to perform at the same time, the covenants operate as mutual conditions, and neither party can maintain an action until he has performed, or offered to perform his part of the agreement.   The covenants are dependent, and neither is obliged to part with his money or property, and trust to a remedy by action against the other.   But where it appears from the terms of the agreement, or the nature of the case, that the things to be done were not intended to be concurrent acts, but the performance of one party was to precede that of the other, there he who was to do the first act may be sued, although nothing has been done or offered by the other party.   He has not made performance by the other party a condition precedent to his liability ; but has trusted to a remedy by action on the agreement. (1 *Saund.* 320, *n.* 4; *Northrup* v. *Northrup,* 6 *Cowen,* 296; *Slocum* v. *Despard,* 8 *Wend.* 615 ; *West* v. *Emmons,* 5 *John.* 179, *as explained in Parker* v. *Parmlee,* 20 *id.* 136.)   Now here, as I read the contract, nothing was to be done by the plaintiff until after the defendant should have completely performed his part of the agreement.   The plaintiff was not to convey at the time of receiving the last payment; (*Johnson* v. *Wygant,* 11 *Wend.* 48;) but within a reasonable time after that payment should be made.   (*Fuller* v. *Hubbard,* 6 *Cowen,* 13 ; *Fuller* v. *Williams,* 7 *id.* 53.)   That might be a week or a month.   I think the defendant has plainly agreed that he would pay the money, and trust to a remedy on the plaintiff's covenant in case the deed should not be duly delivered; and he must abide by his contract.   The declaration was sufficient.

Motion denied.