By the Court.—Curtis, Ch. J.
The evidence shows that the deed which the plaintiff claims he tendered to the defendants, contained after the habendum clause these words :
“Subject, however, to a mortgage thereon to the North America Life Insurance Company for sixteen thousand dollars and interest, dated June 16,1870, and recorded in the office of the register of the city and county of New York, in liber 964 of mortgages, page 352, which said mortgage, with the interest to grow due thereon, the party of the second part hereby and by the acceptance of these presents assumes, and agrees to pay."
This was clearly a departure from the provisions of the contract. The i effect of this change was to place the defendants in a different position in respect to the payment of the mortgage, than if the deed had simply conveyed the premises subject to it. The deed tendered was not in accordance with the contract of sale, and the plaintiff was left in the position of having made no tender. If a vendor chooses from bad faith, or any other motive, to tender a deed that openly or covertly varies in its terms from that called for by the preliminary contract, the fact that the *7 vendee may not discover it, or may not specifically point out the objection when so tendered, does not place the party tendering the instrument in any better position.
The plaintiff claims that, to maintain his action, it was unnecessary for him to make any tender whatever, of a deed of the Sixty-first street premises, for the reason, that performance by the defendants was a condition precedent, and that he was not called upon to tender his deed to the defendants until after they had made payment, and that, by the terms of the contract, payment and conveyance were not concurrent.
This is not the theory upon which the complaint is drawn, and is not the interpretation placed upon the contract by the parties.
The covenants in the contract between the parties are mutual. The act to be done by the one is the consideration for the act to be done by the other. Both parties are to perform at the same time and place. It is apparent that these covenants must operate as mutual conditions, and consequently neither party can maintain an action, until he has performed or offered to perform, his part of the contract (Morris v. Sliter, 1 Den. 59; Williams v. Healy, 3 Id. 363).
The plaintiff’s exceptions should be overruled, and judgment rendered dismissing the complaint with costs to the defendant.
Speir, J., concurred.