JULIA F. KIRTZ, as Administratrix, etc., Respondent, v. HEZEKIAH PECK, Appellant.

Where, upon a jury trial, each party asks that a verdict be ordered in his favor and neither asks to go to the jury upon any question of fact, the court is authorized to find upon the facts, and if there is any evidence to sustain its finding, it is conclusive here; by requesting the court to determine the case as one of law, a party waives his right, if any, to go to the jury.

In an action upon a promissory note for $1,500, it appeared that the note was given as the consideration for a contract, whereby the payee, among other things, agreed that *when* the maker " shall pay " the $1,500 she " shall release and discharge " him from all claims, etc. *Held,* the execution of the release was not a condition precedent to payment, nor was defendant entitled to a concurrent performance, but the payment was to precede the release; also, that, upon payment, the contract itself would operate as a release.

The defense of a failure, on the part of the payee, to perform was not set up in the answer. *Held,* that if it was available, it should have been pleaded, and because of failure to set it up in the answer it was properly excluded.

So long as the purchaser of lands remains in possession under his deed he has no defense to an action for the purchase-price. His remedy in case of failure or defect in title is by action on the covenants in his deed or contract.

(Argued March 11, 1889; decided April 16, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made June 14, 1887, which affirmed a judgment in favor of plaintiff, entered upon a verdict directed by the court.

The nature of the action and the material facts are stated in the opinion.

*J. Decker* for respondent. When a defendant requests the court to direct a verdict in his favor, he thereby assumes that there is no dispute as to the facts, and substitutes the court in the place of the jury, and he is concluded by its decision. (*Provost* v. *McEncore,* 102 N. Y. 650 ; *Ormes* v. *Dauchy,* 82 id. 443 ; *Colligan* v. *Scott,* 58 id. 671 ; *Koehler* v. *Adler,* 78 id. 287 ; *O'Neil* v. *James,* 43 id. 85 ; *Barnes* v. *Rernie,* 12 id.

18; *Winchell* v. *Hicks*, 18 id. 558; *Marine Bk. of N. Y.* v. *Clements*, 31 id. 43; *Strong, Receiver*, v. *N. Y. L. M. Co.*, 6 Hun, 528, 529; *People* v. *Clark*, 8 N. Y. 74; 49 id. 384, 671; 47 id. 313, 568; *Fowler* v. *M. L. Ins. Co.*, 41 Hun, 360, 361; *Stratford* v. *Jones*, 97 N. Y. 589.) Every presumption is in favor of the decision, and in reviewing it, such facts as are essential to support it the law will imply, and the court will presume such facts were found and that there was sufficient additional evidence given to justify it. (*Porter* v. *Smith*, 107 N. Y. 533; 35 Hun, 118; *Spencer* v. *Chambers*, 39 id. 193; *Hagadorn* v. *Dodge*, 2 N. Y. S. R. 335; *Howland* v. *Dodge*, 20 Hun, 472; *Griffin* v. *Phelps*, 21 N. Y. Week. Dig. 390; *Phillip* v. *Gallant*, 62 N. Y. 257, 265; *Rider* v. *Powell*, 28 id. 310, 317; *Myer* v. *Lathrop*, 73 id. 321; *Day* v. *Town of New Lots*, 107 id. 149, 157; *Talcott* v. *Smith*, 20 N. Y. Week. Dig. 562; *Vernol* v. *Smith*, 63 N. Y. 47; *Grant* v. *Morse*, 22 id. 323; *Caswell* v. *Davis*, 58 id. 223; *Perrine* v. *Hotchkiss*, 2 Sup. Ct. 384; 59 N. Y. 649; *Parsons* v. *Coleman*, 59 id. 329; *Higbie* v. *Heath*, 3 Sup. Ct. 783; *Dalzell* v. *Raw*, 1 id. 4; *Provost* v. *McEncroe*, 102 N. Y. 650; *Marine Bk.* v. *Clements*, 31 id. 43; *Koehler* v. *Adler*, 78 id. 287; *Strong* v. *L. M. Co.*, 6 Hun, 528, 529.) When a court of review is satisfied, from the general scope and tenor of the proceedings on the trial, that a particular fact was not a matter of contest, but was assumed or taken for granted in the conduct of the cause, it will conclude that the fact was as it was assumed to be. (*Dawley* v. *Brown*, 79 N. Y. 394; *Vail* v. *Reynolds*, 42 Hun, 647; *Paige* v. *Fazackerly*, 36 Barb. 393; *Hill* v. *Hermans*, 17 Hun, 47; *Smith* v. *Hill*, 22 Barb. 656.) There was a complete execution of the contract on the part of the plaintiff, except only as to the releases, and being partially performed on her part, it was not a case of a total failure of consideration. (*McConihe* v. *Fales*, 107 N. Y. 404, 407, 408; *Ryerson* v. *Willis*, 81 id. 277, 279, 280; *Parkinson* v. *Sherman*, 74 id. 88, 92; *Tilyou* v. *Reynolds*, 108 id. 559, 562; *Woodruff* v. *E. R. Co.*, 93 id. 609; *Thorp* v. *Keokuk Coal Co.*, 48 id. 253; *York* v. *Allen*, 30 id. 104; *Linsey* v. *Fergu-*

son, 3 Lans. 196 ; 49 N. Y. 623 ; *Stevenson* v. *Maxwell*, 2 id. 416 ; *Viele* v. *T. & B. R. R. Co.*, 20 id. 186, 187 ; *Gale* v. *Nixon*, 6 Cow. 445 ; *Paine* v. *Ladue*, 1 Hill, 116 ; 1 Saund. 320 ; 5 Wend. 496 ; 14 id. 219 ; *Lewis* v. *McMillan*, 41 Barb. 420 ; 3 Lans. 199 ; *Spiller* v. *Westlake*, 2 B. & Ad. 155 ; 22 Eng. C. Law, 49 ; *Freeligh* v. *Platt*, 5 Cow. 494 ; *Moggridge* v. *Jones*, 14 East, 486 ; *Chapman* v. *Eddy*, 13 Vt. 205 ; 1 Parson's Contracts, 203, note *z* ; Parsons on Bills and Notes, 203 ; *Wright* v. *Delafield*, 23 Barb. 498 ; 49 N. Y. 626 ; 3 Lans. 199 ; 7 id. 87 ; 7 Hun, 246 ; *Lamerson* v. *Marvin*, 8 Barb. 9 ; *Tompkins* v. *Hyatt*, 28 N. Y. 353 ; *Harris* v. *Troup*, 8 Paige, 423.) If the defendant has derived any benefit under the contract, though less than he expected to receive, he cannot rescind it. ( *Whitney* v. *Lewis*, 21 Wend. 134, 135 ; *Tallmadge* v. *Wallis*, 25 id. 117.) Defendant must show, to sustain his defense, that the plaintiff is in default. To do that he must put her in default by offering to perform on his part. Until he does that he is in default himself, and he cannot charge her with default when he is himself in default. (*Robb* v. *Montgomery*, 20 Johns. 15, 19 ; *Hudson* v. *Hubbard*, id. 24, 27 ; *Fuller* v. *Hubbard*, 6 Cow. 13, 17, 19, 20 ; *Fuller* v. *Williams*, 7 id. 53.) The payment of the note and the execution of the releases are not dependent and concurrent or independent and separate obligations. (*Lewis* v. *McMillan*, 41 Barb. 420, 429 ; *Pratt* v. *Gulick*, 13 id. 297, 300 ; *Whitney* v. *Lewis*, 21 Wend. 133 ; *Slocum* v. *Despard*, 8 id. 615 ; *Thompkins* v. *Elliott*, 5 id. 496 ; 97 N. Y. 408 ; *Betts* v. *Perine*, 14 Wend. 220 ; *Robb* v. *Montgomery*, 20 Johns. 15 ; *Seers* v. *Fowler*, 2 id. 272 ; *Barruco* v. *Madam*, Id. 145 ; *Havens* v. *Bush*, 2 id. 387 ; *West* v. *Emmons*, 5 id. 179 ; *Close* v. *Miller*, 10 id. 94 ; *Champion* v. *White*, 5 Cow. 510, 511 ; 97 N. Y. 408 ; *Pordage* v. *Cole*, 1 Saund. 320 ; *Thorp* v. *Cole*, 12 Mod. 455 ; *Spiller* v. *Westlake*, 2 B. & Ad. 155 ; 22 Eng. C. Law, 49 ; *McMahon* v. *N. Y. E. R. R. Co.*, 20 N. Y. 463 ; *Morehouse* v. *Second Nat. Bk. of Oswego*, 98 id. 504 ; *Acer* v. *Hotchkiss*, 97 id. 408 ; *Dowdney* v. *McCullon*, 59 id. 370 ; *Morris* v. *Sliter*, 1 Denio, 59 ; 48 N. Y. 252.)

*J. M. Dunning* for appellant. The payment of the note and the delivery of the conveyances of the land were to be simultaneous acts, and it, therefore, follows that the covenants were dependent and the plaintiff was not entitled to recover until the conveyances were delivered. (*Frey* v. *Johnson,* 22 How. 316; *Beecher* v. *Conradt,* 13 N. Y. 108; *Rugg* v. *Moore,* 1 Cent. R. 362; *Clay Com. Tel. Co.* v. *Root,* 2 id. 340; *Kelly* v. *Ins. Co.,* 5 id. 484; *Higham* v. *Harris,* 5 West (Ind.) 649; *Lucesco Oil Co.* v. *Brewer,* 66 Pa. St. 351, 355; *Morgan* v. *McKee,* 77 id. 228; *Merrill* v. *Agricultural Ins. Co.,* 73 N. Y. 463; *Hoag* v. *Parr,* 13 Hun, 95; *Green* v. *Reynolds,* 5 Johns. 207; *Jones* v. *Gardner,* 10 id. 266; *Frisbee* v. *Hoffnagle,* 11 id. 50; *Gazeley* v. *Price,* 16 id. 266; *Parker* v. *Parmelee,* 20 id. 131, 134; *Williams* v. *Healey,* 3 Den. 363; *Holmes* v. *Holmes,* 12 Barb. 137; *Culver* v. *Brough,* 21 id. 324; *Devine* v. *Devine,* 58 id. 269; *Durham* v. *Mann,* 8 N. Y. 508; *Lester* v. *Jewett,* 11 id. 453; *Tipton* v. *Feitner,* 20 id. 423, 425; *Grant* v. *Johnson,* 5 id. 247; *Kusham* v. *Van Vrankan,* 14 N. Y. Week. Dig. 417; *Johnson* v. *Wygant,* 11 Wend. 48; *Reab* v. *McAllister,* 8 id. 110; *Latton* v. *Vail.* 17 id. 188; *Whitney* v. *Lewis,* 21 id. 131; *Tallmadge* v. *Wallis,* 25 id. 117; *Greenby* v. *Cheevers,* 9 Johns. 126; *Judson* v. *Weiss,* 11 id. 525; *Tucker* v. *Woods,* 12 id. 190; *Ellers* v. *Haskins,* 14 id. 363; *Batterman* v. *Pierce,* 3 Hill, 177; *Camp* v. *Morse,* 5 Denio, 161; *Burwell* v. *Jackson,* 9 N. Y. 535; *Smith* v. *Brady,* 17 id. 173; *Catlin* v. *Tobias,* 26 id. 222.) There was also a total failure of consideration. (*Jones* v. *Gardner,* 10 Johns. 267; *Kusham* v. *Van Vrankan,* 14 Week. Dig. 417; *Grant* v. *Johnson,* 5 N. Y. 247; *Eddy* v. *Davis,* 32 Week. Dig. 468; *Fletcher* v. *Button,* 4 N. Y. 396; *Lewis* v. *McMillan,* 41 Barb. 420.)

RUGER, Ch. J. Upon trial at circuit, after evidence given on both sides, the court directed a verdict for the plaintiff. The defendant requested a verdict to be ordered in his favor, and the plaintiff made a similar demand on her behalf. The court

granted plaintiff's request and denied that of defendant, and the case comes here upon the exception to the ruling of the court.

Neither party asked to go to the jury upon any question of fact, and if, therefore, the evidence presented any such question, the court was authorized, by the mode in which the case was tried, to find thereon, and if there was evidence to sustain the finding, it is conclusive upon the parties on this appeal. By requesting the court to determine the case as one of law, the party waived his right, if any, to go to the jury upon questions of fact, and submitted all questions involved to the determination of the court.

The action was originally brought by Jane A. Bush, the payee of a promissory note for $1,500, made by defendant, dated May 27, 1875, and payable March 1, 1876, with interest. The original plaintiff died and the action was revived in the name of her administratrix. The defense set up by the answer was an agreement between the parties, made on the 19th day of May, 1875, reciting that the defendant *had theretofore purchased a farm of the plaintiff's intestate* and her husband, and was unable to obtain possession thereof, and that in order to avoid trouble, vexation and delay, the defendant had compromised the dispute at the sum of $1,500, which was the same money mentioned in the complaint; and that it was agreed that the plaintiff, in consideration of said $1,500 to be paid, would execute and deliver to said defendant a quit-claim, release and discharge of the said defendant from all claims whatsoever, and all interest in said premises theretofore conveyed by her and her husband to the defendant; " that said $1,500 was not to be paid to said plaintiff until said Jane A. Bush and her husband should execute and deliver to said defendant a release and discharge of said Peck from all claims, dues and demands which they or either of them have or had against said defendant," and that said plaintiff had neglected and refused to execute and deliver such release or discharge. Other defenses were also set up by way of counter-claim, but, as they were unproved on the trial, they present no question on this appeal. The defense presented by the answer was, therefore, the

non-performance by the plaintiff's intestate of a covenant made by the contract a condition precedent to the payment of the note, and a refusal to execute and deliver a quit-claim and release of her interest in the land which was the subject of the agreement. This defense was wholly unproved on the trial. The defendant did, however, put in evidence a sealed written agreement between himself, as party of the first part, and plaintiff's intestate, of the second part, dated May 19, 1875, whereby it was agreed "that the said party of the second part, for and in consideration of the sum of fifteen hundred dollars *to her in hand paid*, in manner as hereinafter stated, does hereby agree to release, quit-claim and set over unto the party of the first part all her right, title and interest in the premises *heretofore conveyed by the party of the second part and her husband to the party of the first part ;* the party of the first part does hereby agree that the party of the second part may remain in possession of the house in which she now lives, and to have the use of the garden connected with said house until the first day of April next, at which time the party of the second part does hereby agree to surrender said premises to the party of the first part ; and it is also agreed by and between the parties to this agreement, that the party of the first part is to take possession of all of said premises, with the exception of the house and garden aforesaid, and the party of the first part is to have all the spring crops that has been sown and put in on said premises ; the party of the second part does also agree to procure her husband's release, *if any he has*, to said premises. *It is understood and agreed*   *   *   *   that *when* the party of the first part shall pay the said fifteen hundred dollars, as aforesaid, the party of the second part and her husband shall release and discharge the party of the first part from all claims, dues and demands which they, or either of them, have against the party of the first part." The defendant proved that the note and contract were executed at the same time.

The defendant also put in evidence two certain warranty deeds, dated October 29, 1872, from the plaintiff's intestate and her husband, purporting to convey in fee certain lands in

the town of Parma, Monroe county, to the defendant, being the land referred to in the contract. It will be seen that the agreement proved differed in material respects from that set up in the answer. The contract proved neither provided a condition precedent to the payment of the consideration or for the execution and delivery to the defendant of a quit-claim, release and discharge of plaintiff's interest in the lands. The contract shows a present executed release of such interest.

Upon this evidence the defendant now makes the point that the note sued on and the agreement constituted parts of the same contract, and that the obligations respectively assumed thereby were mutual and dependent, and that no action can be maintained by the plaintiff upon the note without showing performance of the contract or an offer to perform on her part. This defense was not set up by the answer, neither do we think it was maintainable if it had been. We think the obligations of the contract were, so far as unexecuted, independent covenants. The law is undoubtedly well settled that where the covenants between the parties are mutual and both parties are to perform at the same time, the covenants operate as dependent obligations, and neither can maintain an action until he has performed or tendered a performance of his part of the agreement. But when it appears from the terms of the agreement, or the nature of the case, that the things to be done were not intended to be concurrent acts, but the performance of one party was to precede that of the other, then he who has to do the first act may be sued although nothing has been done or offered to be done by the other party. (*Morris* v. *Sliter*, 1 Denio, 59; *Williams* v. *Healey*, 3 id. 366.) The determination of the question, therefore, depends upon the construction of the contract. We think the language of this agreement, fairly and reasonably construed, implies that the payment of the money was to precede the delivery of the release or discharge claimed as a defense. There is no language in the contract providing a specific time for the delivery of the release and discharge, but it may be required if not already executed at any time after payment. Its language is *when* the money is paid

the said Jane A. Bush and her husband shall release and discharge the party of the first part from all claims, dues and demands which they or either of them may have against him. (*Morris* v. *S'liter, supra.*) The word "when" is used in the sense ascribed to it by lexicographers as "at a time after," and as thus used the case of *Morris* v. *S'liter* (*supra*) is in point. The payment of the money is not provided for by the agreement at all, but it is either assumed that it has been already paid, or, if not, that it is to be arranged by an independent agreement "as hereinafter stated;" but no such arrangement is thereafter specified. The execution of a negotiable note, payable to whoever might hold it at maturity, is some evidence that no concurrent performance was intended. The contract does not, in terms, refer to the note; neither does the note refer to the contract, and it is only by extrinsic evidence that any connection between them is shown. While this circumstance is not conclusive upon the question of concurrent obligations, it affords some evidence of the intention of the parties. The argreement is quite inartificially drawn, and leaves its real purpose and object the subject of much doubt. Neither the answer nor the contract show any reason for the provision for a further conveyance of lands, which the defendant in both alleges that he already holds under an executed conveyance from the plaintiff and her husband. The reason, however, appears in his evidence on the trial, that he held such conveyance as security for loans of money. It was, therefore, important that he should secure a release of the plaintiff's equity of redemption. This, we think, the contract gives him. It was executed under the hands and seals of the parties, and reads that "in consideration of the sum of fifteen hundred dollars, to her in hand paid," she "*does hereby* agree *to release, quit-claim and set over*" all her right, title and interest in the premises heretofore conveyed by her and her husband to the party of the first part.

We think, within the authorities, this operates as a conveyance *in presenti* of the plaintiff's interest in the land. (*Emery* v. *Hitchcock,* 12 Wend. 156; *Jackson* v. *Blodgett*, 16 Johns.

172.) The receipt of the consideration is acknowledged by the plaintiff, and the defendant became thereby entitled to a present release of the plaintiff's equity of redemption. We think it was the intention of the parties, so far as the land was concerned, that this agreement should operate as a present release and conveyance. There were other covenants which were doubtless executory, among which was that one providing for the husband's release of any right to such premises, *if any he has.* The latter is a conditional covenant, and it nowhere appears that the husband had or claimed any interest in such lands. This covenant was evidently inserted as a cautionary measure by way of further assurance, which might or might not be desirable for defendant to possess. It was optional with him to require its performance or not as he saw fit. The agreement itself contained all that was, in fact, material for the defendant to have, as it conveyed all interest that the apparent owner of the premises had in the land, and also operated as a release of any claims, dues or demands which she might then have against the defendant. When the agreement was drawn, it was evident that it contemplated the present payment of the money, for it expressed it to be in hand paid, and the substitution of the note was quite obviously an afterthought, although claimed to have been delivered at the same time as the agreement. When the note matured the defendant seemed to have the same view, for he commenced making small payments thereon, which continued for a year, without apparently any objection or claim that he was entitled to a concurrent performance of the obligations.

We are, therefore, of the opinion that the promises were independent and that it was not only unnecessary for the plaintiff to show performance of such covenants to entitle her to maintain an action on the note, but no such defense was stated in the answer, and it was, therefore, upon both grounds, properly overruled by the trial court.

The defendant also claims that the consideration of the note has entirely failed. This defense, also, is not only unpleaded, but is entirely unsustained by proof. It was

assumed on the trial by all parties that the defendant had taken possession of the lands conveyed, as the contract provided, and there is sufficient evidence in the case to support such assumption. The contract provided for the surrender of possession of the premises two years before the action was commenced, and no allusion is made in the answer to any breach of the contract in this respect, although assuming to set up such breaches as constituted a defense.

The answer also sets up, as a counter-claim, an indebtedness for rent of the farm for two years and a half previous to the surrender, but none after that time. The defendant was also sworn on the trial and made no attempt to show a breach of the contract in respect to the surrender of the premises. Under these circumstances it seems that the trial court was justified in assuming the performance of the contract in all respects, except those specifically controverted by the defendant.

Assuming, therefore, the possession of the premises by the defendant under his deeds and the contract, he had acquired such an interest in the lands as would constitute a good consideration for a promise to pay their purchase-price. So long as the purchaser of lands remains in possession under his deeds, he has no defense to an action for the purchase-price. (*Thorp* v. *Keokuk Coal Co.*, 48 N. Y. 253 ; *McConihe* v. *Fales*, 107 id. 404 ; *Ryerson* v. *Willis*, 81 id. 277 ; *Parkinson* v. *Sherman*, 74 id. 88.)

An action on the covenants of his deed or contract will give him all the relief to which he is entitled, but to uphold a defense to his agreement to pay the purchase-price would enable him to hold the land discharged of the obligation in consideration of which he acquired it. The law does not tolerate such an injustice and, therefore, requires the surrender of the possession of land, or proof of an eviction therefrom, before permitting the defense of failure of consideration to prevail.

We are, therefore, of the opinion that the judgment of the courts below should be affirmed, with costs.

All concur.

Judgment affirmed.