The German-American Bank of Tonawanda, N. Y., Respondent, *v.* P. W. Scribner Lumber Company and Another, Appellants.

*Action on promissory notes — payment secured by a mortgage — payment, how far presumed from the taking possession of the proceeds of the mortgaged property — direction of a verdict.*

Upon the trial of an action brought upon certain promissory notes, it appeared that the P. W. Scribner Lumber Company, to secure the payment of certain of its promissory notes, made a chattel mortgage to the holders of such notes, upon certain lumber, and that the notes on which such action was brought were made in renewal of certain of the notes to secure which such mortgage was given, and that in actions brought by certain creditors of the defendant Scribner, attachments had been issued to the sheriff and had by him been levied upon such lumber.

An action of replevin was thereafter brought against the sheriff to recover possession of the lumber, in the name of the mortgagees, who founded their alleged title on the mortgage, and, the requisite bond being given, the property was delivered to the plaintiffs therein and a portion of it was sold by their agent.

*Held*, that unless there was some special reason why the mortgagees were not required to make an application of the proceeds (resulting from the sale of such lumber) on the notes, the fact of the taking possession of the lumber and the sale of it by their agent, operated as a payment on the notes held by them.

At the time of the trial of the action brought upon the promissory notes the action brought against the sheriff had not been determined, and it was then an open question whether the mortgagees would succeed in supporting their title to the lumber, and the proceeds resulting from the sale thereof, under the mortgage. The mortgagor was not a party to such action, and the plaintiff's agent held the proceeds of the sale of such lumber during the pendency of the litigation against the sheriff, in order to dispose of the lumber and the proceeds resulting from the sale thereof, as the result of such action should require.

*Held*, that the mortgagees were not required, during the pendency of the replevin suit, to apply the proceeds of the lumber towards the payment of such notes, and that there was no legal objection to the maintenance by them of an action upon such notes.

Where, upon the trial of an action, the direction of a verdict was requested by each of the parties to the action, and no request was made by the party against whom the verdict was rendered for the submission of any question to the jury, a verdict directed by the court in favor of the other party will not be set aside if there is evidence to support the same.

Appeal by the defendants, the P. W. Scribner Lumber Company and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Erie on

the 30th day of November, 1892, upon the verdict of a jury rendered by direction of the court after a trial at the Erie Circuit, and also from an order entered in said clerk's office on the 24th day of December, 1892, denying the defendant's motion for a new trial made upon the ground of newly discovered evidence, with notice of an intention to bring up for review on such appeal said order.

The action was brought upon thirteen promissory notes made by the defendant company, a domestic corporation, and indorsed by the other defendant.

The alleged defense is payment.   A verdict was directed for the plaintiff for $18,601.53.

*W. B. Simson,* for the appellants.

*Tracy C. Becker,* for the respondent.

BRADLEY, J.:

On October 30, 1891, the plaintiff held thirteen notes of the defendant corporation, amounting to $18,300; a like number of its notes, amounting to $24,783.44,' were held by the Lumber Exchange Bank of North Tonawanda; twelve of its notes, amounting to $9,517.62, were held by the State Bank of Tonawanda, and George F. Rand held two of its notes, amounting to $4,000. To secure the payment of those notes, and any. renewals thereof, the defendant on that day made to those holders of its notes a chattel mortgage in the usual form upon upwards of 5,000,000 feet of lumber. The promissory notes in question were made in renewal of those mentioned in the mortgage as held by the plaintiff. In December, 1891, all the mortgagees, except the State Bank, joined in a power of attorney to Benjamin L. Rand to do whatever was requisite to enforce the mortgage and conduct all actions and proceedings necessary to accomplish the purpose in view. In actions brought by creditors of defendant Scribner for alleged claims, amounting to $59,000, attachments had been issued to the sheriff and by him levied upon the lumber. After the power of attorney was delivered to Rand, an action was brought in the name of the mortgagees against the sheriff to recover the possession of the lumber, founding their alleged title on the mortgage, and, the requisite bond being given, the property was delivered to the plain-

tiffs and the possession of it was taken by Rand in their behalf and he sold sufficient of it to produce $56,000, which he deposited in the State Bank to his credit as trustee, and by his checks, as trustee, he transferred $12,000 to the plaintiff bank and took, as trustee, its certificate of deposit by which the bank promised to pay interest at the rate of four per cent per annum if that sum was left there three months.   On the part of the defendants it is insisted that the taking possession of the lumber, and selling it by the plaintiff's agent, operated as payment of the notes.   Such is the apparent effect of the transaction, and it must be so treated, unless there is some special reason why the plaintiff was not required to make the application on the notes.   (*Case* v. *Boughton*, 11 Wend. 106; *Charter* v. *Stevens*, 3 Den. 33.)

At the time of the trial the action brought against the sheriff had not been determined in favor of the plaintiffs therein.   The question then was at least an open one whether they would succeed in supporting title under the mortgage.   It is true that the mortgagor was not a party to that action, and, therefore, might not be concluded by its result, nor was he a party to the attachment actions.   But in the former, as between the parties to it, the question whether, as against the attaching creditors, the title, when the mortgage was made, was in the mortgagor or in Scribner could be determined; and if the final determination should be that the plaintiff and its associates took no title by the mortgage none of them would have received payment of their notes from the mortgaged property, although they had sought to do so by means of their action in replevin.   The defendant corporation could not, although not bound by the determination, effectually for that reason assert in such event payment of the plaintiff's claim founded upon the taking and sale of the property.   By virtue of the attachment levies the sheriff had taken it from the mortgagor and had the custody of it.   The action against the sheriff is, in effect, an attempt to follow the property taken from the mortgagor, and whether the mortgagees will succeed in reclaiming it will depend upon the result of their action.   Unless they do recover in their contest with the sheriff for the possession of the property the lumber company cannot charge them for the property or its proceeds.   When their action was instituted by Rand he procured sureties for the undertaking upon which the property was

delivered to the plaintiffs in the action. And it was then understood that he would take charge of the property and the proceeds to await the determination of the suit. In that view he, with the assent of the plaintiffs in it, assumed the relation of trustee to hold the proceeds of the sale during the pendency of that litigation, and to dispose of them as the result of it should require. At all events that conclusion is warranted by the evidence. If the sheriff should recover, the plaintiffs in that action would have to account to him for the property. It seems clear that in the meantime the plaintiff is not required to apply the proceeds of the property upon the debt in question, and, therefore, there is no legal objection to the maintenance of this action.

There were exceptions taken to evidence relating to some of the proceedings in the action against the sheriff. They could properly be proved only by the records or papers in the action if the question were raised by objection. But the facts that the actions were brought by the creditors of Scribner in which attachments were issued to and levied by the sheriff upon the property, and that the action was brought against him by the mortgagees, its nature and purpose, were proved without objection requiring the production of the papers or records. And when the pendency of the latter action appeared, relief from it by a result favorable to the plaintiff became essential to require it to apply the proceeds of the property upon the notes. The evidence relating to the trial and verdict added to the facts, as they then appeared, nothing prejudicial to the defendants, and, therefore, the defendants were not in any manner prejudiced by the error of its reception. It may have been in view of the pendency of the replevin action that the defendants made and indorsed or guaranteed the notes mentioned in the complaint in renewal of those mentioned in the mortgage, after that action had been commenced and the property taken into the possession of the plaintiffs in it as before mentioned. While any judgment in that action may not preclude the lumber company from asserting title to the property, and as against it may constitute no evidence in that respect, the liability of the plaintiff to be charged by that company with the property or its proceeds is dependent upon the right of the mortgagees to take and retain the property, as they have sought to do by their action. It is sufficient for the purposes of the present

action that such right at the time of the trial was in litigation and undetermined. There were no errors in the rulings at the trial to the prejudice of the defendants. And as the direction of a verdict was requested by each of the parties, and no request by the defendants for the submission of any question to the jury, there was no error in the direction given by the court, as there was evidence to support a verdict for the plaintiff. (*Kirtz* v. *Peck*, 113 N. Y. 222.) No other question arising upon the appeal from the order denying motion for a new trial requires consideration.

The judgment and order should be affirmed.

DWIGHT, P. J., LEWIS and HAIGHT, JJ., concurred.

Judgment and order appealed from affirmed.