H. VERDINE STONE, Respondent, *v.* LUZERNE WESTCOTT, Appellant.

*Contract of sale — delivery to be made in successive years — when the obligation of the last year may be separately enforced.*

In an action brought to recover upon a contract by which the plaintiff sold, to be delivered to the defendant, " ten bales of hops for the term of two years, commencing with the crop of eighteen hundred and ninety-five and ending with the crop of eighteen hundred and ninety-six," to be fully paid for " on delivery of said hops at Hamilton railroad station during the month of Sept. 1895 and six," the complaint alleged that, in September, 1896, plaintiff duly tendered the defendant ten bales of hops called for by the contract, and that the defendant refused to receive or pay for them, and the answer admitted the contract, but denied the other allegations of the complaint, nothing being said in the complaint or answer or the decision of the trial court as to whether the ten bales of the crop of 1895 were delivered. The referee found for the plaintiff substantially as alleged in the complaint.

*Held,* that, although the contract was so far an entirety that the plaintiff's non-performance in 1895 would perhaps justify the defendant's non-performance in 1896, yet, as it imposed upon each party its several obligations for each year, and the ten bales of 1895 were to be delivered and paid for before the crop of 1896 would begin to grow, it was to be presumed, from the silence of each party respecting performance in 1895, that neither party had any fault to find with the other in respect thereto and that the obligation in reference to the crop of 1896 was not prejudiced in any way by that in reference to the crop of 1895 and might be considered separately therefrom.

APPEAL by the defendant, Luzerne Westcott, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Madison on the 20th day of May, 1898, upon the report of the referee.

*Alva Seybolt,* for the appellant.

*Samuel D. White,* for the respondent

LANDON, J. :

The record contains the judgment roll and the defendant's exceptions to the referee's findings of fact, but no case. The complaint alleges that the parties in November, 1894, made an agreement in writing, as follows :

" The party of the first part (the plaintiff) has this day sold and agrees to deliver or cause to be delivered to the party of the second part (the defendant) ten bales of hops for the term of two years, commencing with the crop of eighteen hundred and ninety-five and ending with the crop of eighteen hundred and ninety-six.

" Said hops are to be fully matured, clean picked, properly cured, and the whole crop well mixed together and a good, prime, mer-chantable hop, in bales weighing from 185 to 205 lbs. each, five pounds per bale tare to be deducted.

" The party of the second part agrees to receive said hops on above terms and conditions, and pay for the same at the rate of 12½ cents per pound, as follows : Five dollars on the signing of this con-tract, receipt of which is hereby acknowledged, and five cents per lb. after ten days' picking and second party's inspection and acceptance, and the balance on delivery of said hops at Hamilton railroad sta-tion, during the month of Sept., 1895 and six, after giving the party of the first part five days' notice of delivery."

And that in September, 1896, the plaintiff duly tendered the defendant ten bales of hops of the quality and in the condition called for by the contract, and of the weight of 2,000 pounds, less. tare, but the defendant refused to receive or pay for them, to plain-tiff's damage the difference between the contract price and the market price, which was $120, less $5, paid in the contract.

The answer admits the contract and denies the other allegations of the complaint. Nothing is said in the complaint, answer or

decision as to whether the ten bales of the crop of 1895 were delivered. The referee finds for the plaintiff substantially as alleged in the complaint.

The defendant contends that the contract is an entirety and that the plaintiff cannot recover without proof of performance in 1895. The contract is so far an entirety that plaintiff's non-performance in 1895 would, perhaps, justify defendant's non-performance in 1896, yet it imposes upon each party its several obligations for each year. The ten bales of 1895 were to be delivered and paid for before the crop of 1896 should begin to grow. What is to be presumed from the silence of each party respecting performance in 1895? Clearly that neither party has any fault to find with the other. So we reach 1896 without prejudice from 1895. The defendant refused to perform in 1896 to the plaintiff's loss. No justification or excuse appears, and certainly none can be implied. The plaintiff need not weary the court with proof as to 1895, when the only question raised by the parties relates to 1896. It follows that the obligations of the contract are so far severable that the second year may be considered separately from the first in the absence of any allegation that the obligations of the first year were not performed. (*Tipton* v. *Feitner*, 20 N. Y. 423; *Pierson* v. *Crooks*, 115 id. 539, 554; *De Kay* v. *Bliss*, 125 id. 91.) It was for the defendant to plead this if there was anything in it to his advantage. (*Kirtz* v. *Peck*, 113 N. Y. 222; *Hall* v. *United States Reflector Co.*, 30 Hun, 375; affd., 96 N. Y. 629.)

The judgment should be affirmed, with costs.

All concurred.

Judgment affirmed, with costs.