PETER SUTTER, Respondent, *v.* SAMUEL E. VANDERVEER, Appellant.

Where, upon trial by jury, a verdict is directed by the court, after each party has moved that the jury be ordered to find in his favor, and neither has asked that they be instructed to pass upon any question, every fact having the support of sufficient evidence will, on appeal, be presumed

to have been found in favor of the successful party; and this, notwithstanding a statement of the trial judge that he will hold the facts to be established in accordance with the theory of the party against whom the verdict was directed.

Reported below, 47 Hun, 366.

(Argued October 21, 1890; decided December 2, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made February 20, 1888, which affirmed a judgment in favor of plaintiff entered upon a verdict directed by the court, and also affirmed an order denying a motion for a new trial.

This action was for the alleged unlawful conversion by the defendant of a quantity of oysters which had been planted by the plaintiff himself in an oyster bed in Jamaica bay.

The defendant claimed that he was a resident of the town of Jamaica, in Queens county; that the oyster bed in question was in said town, and that he had a lease thereof from the proper authorities, pursuant to the provisions of chapter 639 of the Laws of 1871; that the plaintiff was a non-resident of the town and had no right to plant oysters in the public waters thereof in violation of said act, and that being a trespasser, he lost all right to the oysters so planted by him and could not maintain an action for the conversion thereof against one in lawful possession of the bed.

Evidence was given in behalf of the plaintiff tending to show that the oyster bed in dispute was in the town of New Lots, County of Kings, while according to the evidence for the defendant it was in the town of Jamaica, county of Queens.

The following is the opinion in full:

"Upon the trial of this action there was a conflict of evidence, and unless the question of fact was determined in favor of the defendant, the question of law upon which he relies to reverse the judgment against him is not presented by this appeal.

"At the close of the evidence each party moved that a verdict be directed in his favor, whereupon the court ordered the jury to find a verdict for the plaintiff and to assess his damages. The trial judge n giving this direction to the jury

remarked that it was his impression that the facts were as claimed by the defendant, but that it was not material, as the question turned upon the construction of certain statutes. After the jury had assessed the damages and rendered their verdict, the defendant moved to set the same aside, and for a new trial upon all the grounds specified in section 999 of the Code of Civil Procedure. The court reserved its decision and the justice presiding stated that in deciding said motion he should hold the facts to be as claimed by the defendant; but the order denying the motion contains no statement to that effect and makes no reference to that subject. It does not even mention any ground upon which it was made.

"As each party moved for a verdict in his own favor and neither asked to go to the jury upon any question, it must be presumed that both intended to waive the right of submission to the jury and to consent that the court should decide the questions of fact as well as of law. (*Koehler* v. *Adler*, 78 N. Y. 287; *Leggatt* v. *Hyde*, 58 id. 272, 275; *Dillon* v. *Cockcroft*, 90 id. 649; *Provost* v. *McEncroe*, 102 id. 650.)

"Upon a trial by jury the verdict is the only evidence as to how the questions of fact were decided. When a general verdict is rendered every fact having the support of sufficient evidence is presumed to have been found in favor of the successful party. The same presumption extends to a verdict directed by the court after each party has moved that the jury be ordered to find in his favor and neither has asked that they be instructed to pass upon any questions, notwithstanding the statement of the trial judge that he shall hold the facts to be established in accordance with the theory of the party against whom the verdict was directed. We are, therefore, compelled to assume, as a fact duly determined by the verdict, that the oysters in question were located in Kings county, and hence to hold that the statute relied upon by the defendant does not apply to the facts of this case. The defendant, in order to protect his rights, should have asked that the question of fact be submitted to the jury, and if the court had refused, an exception to the ruling would have raised the question of law upon which he relies, but which we cannot consider, owing to the course pursued at the trial.

"After examining all the exceptions, we find nothing that should reverse the judgment, which must, therefore, be affirmed."

*A. N. Weller* for appellant.

*William J. Gayner* for respondent.

VANN, J., reads for affirmance.
All concur.
Judgment affirmed. _____