### MERWIN v. MAGONE, Collector.

(Circuit Court of Appeals, Second Circuit. December 2, 1895.)

**1. APPEAL—REVIEWABLE QUESTION—DIRECTION OF VERDICT.**
Where each party asks for the direction of a verdict in his favor, the finding of fact involved in granting the request of one party is conclusive on appeal if there is any evidence to sustain it. Beuttell v. Magone, 15 Sup. Ct. 566, 157 U. S. 154, applied.

**2. SAME—ACTION TO RECOVER DUTIES PAID—SUFFICIENCY OF EVIDENCE.**
In an action to recover duties paid, on the ground that there was a shortage in the importation, the only evidence consisted of the returns to the collector of the subordinate customs official, which were conflicting on the question of the existence of a shortage, and an ex parte affidavit of the master indorsed on the manifest that certain packages were "short shipped." At the close of the evidence each party requested the court to direct a verdict, and defendant's motion was granted. *Held* no error.

In Error to the Circuit Court of the United States for the Southern District of New York.

This was an action at law by Samuel E. Merwin, trustee, against Daniel Magone, collector of the port of New York, to recover certain duties paid under protest. The circuit court directed a verdict for defendant, and entered judgment accordingly, to review which the plaintiff sued out this writ of error.

Comstock & Brown, for plaintiff in error.

James T. Van Rensselaer, Asst. U. S. Dist. Atty., for defendant in error.

Before WALLACE and SHIPMAN, Circuit Judges.

SHIPMAN, Circuit Judge. On March 3, 1887, E. S. Wheeler, doing business under the name of E. S. Wheeler & Co., of New Haven, Conn., imported by the vessel Westernland, and entered at the port of New York, a large quantity of iron wire fence rods. Subsequently the importer became insolvent, and Samuel E. Merwin was appointed trustee for the benefit of his creditors, and became vested with the title to his property. No question exists in the case as to the statutory rate of duty upon this merchandise, but the importer duly protested that the number of pounds upon which the duty was imposed was in excess of the actual number of pounds which were imported or which came into the port of New York. The collector's decision was sustained by the secretary of the treas-

ury, and by an action at law, in which Mr. Merwin was plaintiff, the question duly came before the circuit court for the Southern district of New York and was tried to the jury. The invoice covered 7,382 bundles of rods, divided into 8 lots, one of which included 1,787 bundles marked "Nevins 4 blue." The bill of lading, the steamer's manifest, and the original warehouse entry contained a similar statement of the number of rods. In the original warehouse entry, the figures 1,787 were changed to 1,570, and the total number in the bundles was changed from 7,382 to 7,166. It does not appear who made the alteration. The naval officer's copy of the entry was not changed. The master of the vessel made oath to his manifest on March 3, 1887. In April, 1887, there was added, at the bottom of the manifest, the master's oath or affidavit that 217 bundles of "Nevins 4 blue" were "short shipped." This affidavit upon the manifest, the inspector's official return, the weigher's official return and the inspector's certificate, when the goods were laden for transportation to New Haven, all which reported that 217 bundles were not found, were offered in evidence by the plaintiff. Neither the master nor any of these officials were examined in court. At the close of the testimony each party moved that the court direct a verdict in his favor. Neither party requested that any question of fact should be submitted to the jury. The court granted the defendant's motion, for the reason which was stated as follows:

"I am prepared to decide this case on the ground that the importer has not shown that he did not get these goods. There is no sworn testimony in the case from the beginning to the end to that effect, and the plaintiff comes into court, without his own oath, to say that he did not get the goods. I think there is nothing here sufficient to entitle the plaintiff to recover, and I shall grant the motion and direct a verdict for the defendant."

To this direction the plaintiff excepted.

It will be observed that neither party raised a question of fact, and each asked for a direction in his favor. In such a case, the finding is conclusive if there is any evidence to sustain it. Chrystie v. Foster, 61 Fed. 551, 9 C. C. A. 606. This principle has been abundantly sustained by the courts of the state of New York, and has recently been verified by the supreme court of the United States in Beuttell v. Magone, 157 U. S. 154, 15 Sup. Ct. 566, in which case the court says:

"This was necessarily a request that the court find the facts, and the parties are therefore concluded by the finding made by the court, upon which the resulting instruction of law was given."

There can be no valid objection to the circuit court's conclusion of law, that the plaintiff cannot recover unless he offers satisfactory evidence that a portion of the cargo named in the invoice was not on board when the vessel arrived in port. There was neither a conclusion that he could not recover if the question of fact should be decided in his favor, nor that the decision of questions of fact, in cases of allowance of duties for missing articles or packages appearing in the invoice, is within the exclusive control of the custom house officials. The law upon the subject was stated in Robertson v. Bradbury, 132 U. S. 491, 10 Sup. Ct. 158, as follows:

"If any portion of them [the goods alleged to have been lost] has never come to hand, but has been actually lost, the case would seem to come within the spirit of section 2921 (Rev. St. U. S.), which says that 'if, on the opening of any package, a deficiency of any article shall be found on examination by the appraisers, the same shall be certified to the collector in the invoice, and an allowance for the same be made in estimating the duties.' The appraiser's certificate in the present case related merely to pro rata value, and not to quantity. That was ascertained and certified by the weigher. If only half of the cargo was found on board the ship, it could hardly be contended that the importer would be bound by his entry and invoice to pay duty on the entire cargo shipped at Antwerp."

It can hardly be contended that there was no evidence to sustain the finding, especially when the burden of proof rested upon the plaintiff, and was attempted to be borne by returns to the collector of subordinate officials, and by an ex parte affidavit of the master of the vessel. The question of fact thus rested entirely upon the customhouse papers, which were conflicting in their statements, and which the circuit judge justly regarded as an unsatisfactory class of evidence to prove that the goods had been lost or were not shipped on board the vessel.

Judgment is affirmed.