### MAGONE, Collector, v. ORIGET.

(Circuit Court of Appeals, Second Circuit. December 2, 1895.)

1. CUSTOMS DUTIES—CONCLUSIVENESS OF APPRAISEMENT—ILLEGAL APPRAISEMENT.

In an action to recover duties paid under protest, the appraisement, though conclusive in respect to errors of judgment and mistaken ideas of quality or value, or the elements entering into the cost of manufacture, may yet be inquired into in respect to any alleged illegality in the action of the appraisers, such as adding illegal items to make up increased value, or proceeding upon principles of valuation which the statutes condemn. Robertson v. Frank Bros., 10 Sup. Ct. 5, 132 U. S. 17; Muser v. Magone, 15 Sup. Ct. 77, 155 U. S. 240, and Passavant v. U. S., 13 Sup. Ct. 572, 148 U. S. 214, followed.

2. SAME.

Increases of valuation made by appraisers to cover the expense of ticketing, taping, or tying up pieces of cloth of the length ordered, and placing them ready for shipment, are in violation of section 7 of the act of March 3, 1883 (22 Stat. 523), which repeals pre-existing laws upon the subject, and provides that certain charges theretofore entering into the computation of value could no longer be considered.

3. SAME—REVIEW ON ERROR—DIRECTION OF VERDICT.

A request by each party for the direction of a verdict in his favor is virtually a request that the court find the facts, and its finding is consequently conclusive on the parties if there is any evidence to sustain it. Merwin v. Magone, 70 Fed. 776, followed.

4. SAME—QUALIFICATIONS OF MERCHANT APPRAISER.

In an action to recover duties alleged to have been illegally exacted because the merchant appraiser in the reappraisement was not familiar with the character and value of the goods, as required by Rev. St. § 2930, the importer may, if the objection was duly taken in his protest, show by the testimony of the appraiser himself that the provisions of the statute were disregarded.

In Error to the Circuit Court of the United States for the Southern District of New York.

This was an action by Arthur Origet against Daniel Magone, collector of the port of New York, to recover duties alleged to have been illegally exacted. The circuit court directed a verdict for the plaintiff, and entered judgment accordingly. The defendant appeals.

In 1887 Arthur Origet imported into the port of New York, by the vessels La Champagne, Aurania, Adriatic, and Umbria, merchandise specified in four invoices and four entries, which consisted of woolen cloths, to be used for overcoats, and cut into lengths suitable for single garments. The general appraiser found that the market value of the goods was greater than the invoice valuation, and, upon the importations by the Aurania, Adriatic and Umbria, increased the valuation more than 10 per cent. above the invoiced and entered value of each of said importations. The collector exacted duty upon the value so increased, and an additional duty of 20 per cent. thereon under section 2900 of the Revised Statutes. Upon the importation by La Champagne, the appraiser advanced the market value over the entered value to an amount less than 10 per cent. thereof, and the collector liquidated the duty upon the value as thus increased, without penalty. Upon the importer's application for a reappraisement, the collector appointed Mr. Abram Baudoine as a merchant appraiser to act with the general appraiser upon the entry of La Champagne, and appointed Mr. Julius Ballin as a merchant appraiser to act upon the reappraisement of the merchandise specified in each of the other entries. Upon these reappraisements, the advanced valuations first made by the general appraiser were sustained. The importer, in proper season, protested against the exaction of duty by the collector on the increased valuations, the protest stating, in divers forms, that the reappraisement included, in its estimate of value, charges and items which were expressly excluded by section 7 of the act of March, 1883 (22 Stat. 523), and that therefore the reappraisement included illegal items and proceeded upon a principle prohibited by the statute. The protest implied, if it did not express, that one of the merchant appraisers was not experienced in the merchandise in question and familiar therewith. Argument upon the sufficiency of this part of the protest was made in the briefs of counsel; but as no mention of this point was made in the assignment of errors, it was disregarded by the court, in accordance with Rule 11. 11 C. C. A. cii., 47 Fed. vi.

Two questions of fact, only, were presented on the trial in the circuit court. One related to the competency of Mr. Ballin. The other was whether the items, if any, which were added by Mr. Baudoine and his associate to the net cost of uncut goods were the identical items which the statute required to be disregarded. The two merchant appraisers were the only witnesses in the case. At the close of the testimony, neither party asked to go to the jury upon a disputed question of fact, and each asked for a direction for a verdict in his favor. The court was of opinion, from Mr. Ballin's own testimony, that he was not an experienced merchant, who was familiar with the character and value of the goods in question, and, from Mr. Baudoine's testimony, that he added to the net cost of goods in lengths, the cost of ticketing and tying up the cut goods and making them ready for shipment, and directed a verdict for the plaintiff. To this direction the defendant excepted.

Section 2907 of the Revised Statutes provided as follows:

"In determining the dutiable value of merchandise, there shall be added to the cost. or to the actual wholesale price or general market value at the time of exportation in the principal markets of the country from whence the same has been imported into the United States, the cost of transportation, shipment. and transshipment, with all the expenses included, from the place of growth, production, or manufacture, whether by land or water, to the vessel in which shipment is made to the United States; the value of the sack, box or covering of any kind in which such merchandise is contained; commission at the usual rates, but in no case less than two and a half per centum; and brokerage, export duty, and all other actual or usual charges for putting up. preparing. and packing for transportation or shipment."

Section 14 of the act of June 22, 1874 (18 Stat. 186), entitled "An act to amend the customs laws and repeal moieties," provided as follows:

"That whenever any statute requires that, to the cost or market value of any goods, wares, and merchandise imported into the United States, there shall be added to the invoice thereof, or, upon the entry of such goods, wares, and merchandise, charges for * * * any other incidental expenses attending the packing, shipping, or exportation thereof from the country or place where purchased or manufactured, the omission, without intent thereby to defraud the revenue, to add and state the same on such invoice or entry shall not be cause of a forfeiture of such goods, wares, and merchandise, or of the value thereof; but in all cases where the same, or any part thereof, are omitted, it shall be the duty of the collector or appraiser to add the same, for the purposes of duty, to such invoice or entry, either in items or in gross, at such price or amount as he shall deem just and reasonable (which price or amount shall, in the absence of protest, be conclusive), and to impose and add thereto the further sum of one hundred per centum of the price or amount so added; which addition shall constitute a part of the dutiable value of such goods, wares, and merchandise, and shall be collectible as provided by law in respect to duties on imports."

Section 7 of the act of March 3, 1883 (22 Stat. 523), provided as follows:

"That sections twenty-nine hundred and seven and twenty-nine hundred and eight of the Revised Statutes of the United States, and section fourteen of the act entitled 'An act to amend the customs revenue laws, and to repeal moieties,' approved June twenty-second, eighteen hundred and seventy-four, be, and the same are hereby, repealed, and hereafter none of the charges imposed by said sections, or any other provisions of existing law, shall be estimated in ascertaining the value of goods to be imported."

Henry C. Platt, Asst. U. S. Atty., for plaintiff in error.

W. Wicham Smith, for defendant in error.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

SHIPMAN, Circuit Judge (after stating the facts). The defendant below excepted to sundry questions, addressed to Mr. Baudoine, which were intended to elicit from him the fact that, in the reappraisement, items of cost were added to the invoice prices which were prohibited, by section 7 of the act of March 3, 1883 (22 Stat. 523), from being regarded in estimating the dutiable value of imported goods. For example, the witness was asked "if there was any item of cost covered by your advance to invoice prices on this invoice other than the cost of cutting the goods into cut lengths, you may state what that item of cost was," which question was admitted against the objection of the defendant. It is true that, under the statutory system which existed at the time of the reappraisement, errors of judgment of the appraisers, their mistaken ideas of the quality of the goods, or of the values of the elements which entered into the cost of manufacture, or their erroneous mental processes in reaching conclusions, could not be inquired into. Neither could they be compelled to disclose the reasons which directed their conclusions, but the illegality of their acts was open to examination by the jury, in an action at law against the collector to recover an excessive exaction,—as, for example, if they had added illegal items to make up the increased value, or if they had proceeded upon principles of valuation which the statutes upon the subject condemned. Robertson v. Frank Bros. 132 U. S. 17, 10 Sup. Ct. 5; Muser v. Magone, 155 U. S. 240, 15 Sup. Ct. 77; Passavant v. U. S., 148 U. S. 214, 13 Sup. Ct. 572. At the time of these importations, the provisions of section 2907, which declared that, in deter-

mining the dutiable value of merchandise, the actual or usual charge for putting up, preparing, and packing for transportation should be added to the cost, or to the general market value, had been repealed by section 7 of the tariff act of 1883 (22 Stat. 523), which provided that none of the charges imposed by section 2907 should be estimated in ascertaining the value of goods to be imported. The question of fact properly before the jury was, whether the appraisers had estimated in accordance with the old or new statutory requirements, and was one upon which the only testimony in the case, that of Mr. Baudoine, was not entirely in harmony with itself. He clearly said that the advances made by him upon the invoice were made to cover the expense of the jobber's cutting the full pieces according to the ordered lengths, of ticketing, taping, or tying them up, and placing them ready for shipment. If these charges of ticketing and preparation for market were added, the appraisement was not in accordance with the statute. Both parties having virtually requested the court to find the facts, they are concluded by its finding, if there was any evidence to sustain it, and the only witness said enough to justify the court's conclusion of fact. Merwin v. Magone (not yet officially reported) 70 Fed. 776; Chrystie v. Foster, 9 C. C. A. 606, 61 Fed. 551; Beuttell v. Magone, 157 U. S. 154, 15 Sup. Ct. 566; Kirtz v. Peck, 113 N. Y. 222, 21 N. E. 130.

Since the decisions of Oelbermann v. Merritt, 123 U. S. 356, 8 Sup. Ct. 151, and Mustin v. Cadwalader, 123 U. S. 369, 8 Sup. Ct. 158, it has not been doubted that section 2930 of the Revised Statutes required that the merchant appraiser in a reappraisement should be familiar with the character and value of the goods, and that, in an action at law to recover an exaction, claimed to have been illegal in consequence of the inability of the merchant appraiser to meet this requirement, the importer, if the objection had been duly taken in his protest, could show by the testimony of the appraiser himself that the provisions of the statute had been disregarded. The question is purely one of fact, which, when submitted to the jury, would naturally be accompanied by some instructions from the court; but, if it is left by both parties to the court, neither can complain, if his opinion is justified by any of the testimony. In this case Mr. Ballin led the court to believe that he was not familiar with the particular class of goods which he was called upon to appraise. The judgment of the circuit court is affirmed.