### BRADLEY TIMBER CO. v. WHITE et al.

(Circuit Court of Appeals, Fifth Circuit. April 7, 1903.)

### No. 1,218.

1. ACTS OF BANKRUPTCY—PETITION—JOINDER.

Bankr. Law, § 32, c. 541, Act July 1, 1898, 30 Stat. 554 [U. S. Comp. St. 1901, p. 3434], provides that, in the event petitions are filed against the same person in different courts, they may be consolidated. General Orders in Bankruptcy, rule 6, provides that, in case two or more petitions shall be filed in different districts against the same person, the first hearing shall be had in the district where the debtor has his domicile, and the petition may be amended by inserting an allegation of an act of bankruptcy committed at an earlier date, if charged in either of the other petitions; and rule 7 declares that, where two or more petitions shall be filed against a common debtor, alleging separate acts of bankruptcy committed on different days within four months prior to the filing of such petitions, and the debtor shall contest the adjudication, the petition shall be first tried that alleges the commission of the earliest act of bankruptcy, and, in case the several acts are alleged in different petitions to have been committed on the same day, the different proceedings shall be consolidated and heard as in one petition. *Held*, that a petition was not objectionable for joinder of several acts of bankruptcy known to the creditors, and committed by the insolvent within four months prior to the filing of the petition.

2. SAME—PETITION—ALLEGATION OF TIME—SUFFICIENCY.

Where an involuntary bankruptcy petition was filed July 23, 1902, and two jurats to the oaths of creditors verifying the same were dated the 12th and 16th of July, 1902, and the petition alleged that the bankrupt within four months preferred certain creditors named, and, in addition, specifically alleged a transfer of lumber to its president on April 11, 1902, and on specific days thereafter in April, 1902, up to April 29, 1902, which transfer was alleged to be a preference to the president as a creditor, and to constitute an additional act of bankruptcy, it was not demurrable for want of facts showing an act of bankruptcy committed within four months.

**3. SAME—ANSWER.**

An answer to an involuntary bankruptcy petition setting up grounds of objection to the petition previously alleged in a demurrer which had been overruled, and denying that defendant owed certain of the petitioners, and that it owed them over $500, admitting insolvency, but denying that it had committed the acts of bankruptcy charged in the petition, and demanding a trial by jury, was objectionable as not conforming to the form prescribed by the orders of the United States court, as prolix, and as neither admitting nor unevasively denying the material allegations of the petition.

**4. SAME — STRIKING ANSWER FROM FILES — FILING SUBSTITUTED ANSWER — WAIVER OF ERROR.**

Where, after an answer was stricken from the files, defendant filed another answer, error, if any, in striking the previous answer was waived.

**5. SAME—BEST EVIDENCE—COURT RECORDS—ORIGINALS.**

Original papers filed in a suit in a state court, identified by the proper custodian, are not objectionable as secondary evidence in a suit in a federal court on the ground that certified copies of such papers are primary evidence thereof.

**6. SAME—SUFFERING PREFERENCES—DISCHARGE—RESISTANCE OF LEGAL PROCEEDINGS.**

Under the bankrupt law providing that, if an insolvent suffers or permits a judgment against him which will result in a preference, and fails to vacate the same within at least five days before a sale or disposition of property affected by such preference, it shall constitute an act of bankruptcy, that an insolvent resists legal proceedings by a creditor to obtain a preference does not prevent such preference constituting an act of bankruptcy, if the bankrupt fails to discharge the preference within the time provided.

**7. SAME—DIRECTION OF VERDICT—MOTION BY BOTH PARTIES—EFFECT.**

A motion by both parties for a peremptory instruction is equivalent to a request for a finding of the facts by the court, and, if the court directs a verdict for one of the parties. both are concluded by the facts thereby found.

In Error to the District Court of the United States for the Southern District of Alabama.

In this case White and two others, creditors of the Bradley Timber Company, a manufacturing and trading corporation under the laws of the state of Alabama, filed a petition against said corporation, praying to have it adjudged a bankrupt. The petition alleges that the corporation is insolvent, and within four months preceding the filing thereof had committed at least three several acts of bankruptcy—one by a preference payment to creditors of large sums of money, the amounts and dates of which were unknown to the petitioners, to be shown at the hearing by the books of the corporation or other competent evidence; second, that with intent to give a preference before other creditors had made a large transfer of lumber (16 cars) to the president of the corporation who was also a creditor; and, third, that on a date given, to wit, the 13th of May, 1902, did suffer or permit, while so insolvent, a certain creditor (Kory & Sons) to obtain preference through legal proceedings without having, at least five days before a sale or final disposition of the property affected by such preference, vacated or discharged such preference. Service having been made upon the corporation, counsel appeared, and demurred to the petition for insufficiency upon the ground that there was a misjoinder of several different and distinct acts of bankruptcy in one petition, and because it failed to state issuable facts showing that any act of bankruptcy had been committed, and because of divers and sundry alleged defects in the petition. On hearing this demurrer was overruled, and thereupon the Bradley Timber Company filed an answer, mainly setting up the grounds set forth in the demurrer, denying that it owed certain of the petitioners, denying it owed petitioners over $500, admitting insolvency,

but denying that it had committed acts charged in the petition; and, as a part of the answer, demanded a trial by jury. On this answer being filed, petitioners filed a motion to strike the same from the files, which was granted, with leave to the Bradley Timber Company to file a proper denial of bankruptcy by law in the form prescribed by the Supreme Court of the United States. On the same day the Bradley Timber Company filed an answer, denying it had committed the act of bankruptcy set forth in the petition; admitted insolvency, and claiming it should not be declared a bankrupt for any cause mentioned in the petition, and prayed for a jury. A jury trial was thereupon ordered, and, a jury being impaneled, the case was heard, the jury finding the issues in the cause for the petitioners, and upon this verdict the Bradley Timber Company was adjudicated a bankrupt. A motion for a new trial was made and overruled, the learned district judge filing a written opinion reported in 119 Fed. 989.

The bill of exceptions found in the record shows that numerous objections were made to the original petition for insufficiency; that the appellant complained of and excepted to the rulings of the court in the matter of pleadings prior to the jury trial; that on the trial appellant objected to the introduction of evidence because of the insufficiency of the petition, and particularly objected to the admissibility of evidence tending to show the judgment obtained by Kory & Sons; but the bill does not show any objection made to evidence showing a transfer to Turner, president of the corporation, of 10 car loads of timber shipped away for Turner's account. The bill further shows that at the close of the evidence the petitioners requested the court to charge the jury that, if they believed the evidence, they should find for petitioners, and the defendant (plaintiff in error here) requested the court to give a charge in writing, to wit: "The court charges the jury that, if they believe the evidence in this case, their verdict must be for the Bradley Timber Company." The court refused the last-mentioned charge, granted the one in favor of the petitioners, and to this action the defendant excepted. And defendant also requested the court to give the following charge in writing: "If the jury does not believe the evidence, they should find a verdict for the defendant," which charge the court refused, and to this action of the court exceptions were taken. The bill also shows that the Bradley Timber Company moved the court to set aside the verdict of the jury and grant a new trial on the grounds last above mentioned, and, further, that the court erred in admitting evidence with reference to the judgment preference in favor of Kory & Sons.

In this court 47 specific errors are assigned, relating to the defects in the pleadings, to the introduction of evidence in regard to the Kory & Sons judgment, and to the refusal to give, and giving the charges requested.

Frederick G. Bromberg, for appellant.
William C. Fitts, for appellees.

Before PARDEE and SHELBY, Circuit Judges.

PARDEE, Circuit Judge (after stating the facts). A question much pressed on this writ of error is whether, in a suit to adjudge an insolvent debtor a bankrupt, because within the four months preceding he has committed an act of bankruptcy, more than one act of bankruptcy may be alleged in the petition. It can hardly be doubted that if an insolvent debtor within four months has committed several distinct acts of bankruptcy, and only one can be alleged in a petition to declare him a bankrupt, other petitions may be filed against the same insolvent debtor by the same or other creditors setting up the other acts of bankruptcy. It would seem that this answers the question, for it is not to be presumed that the law requires, or the courts will permit, several simultaneous or consecutive actions where one would answer the purpose. The bankrupt law itself contemplates that in a proper

case the insolvent debtor may be called upon to answer for more than one act of bankruptcy at the same time; for section 32, c. 541, Act July 1, 1898, 30 Stat. 554 [U. S. Comp. St. 1901, p. 3434], provides, in the event petitions are filed against the same person in different courts, they shall be transferred to one, and be there consolidated, and proceeded with to the greater convenience of the parties in interest. Rule 6, General Orders of the Supreme Court in Bankruptcy, provides that, in case two or more petitions shall be filed against the same individual in different districts, the first hearing shall be had in the district in which the debtor has his domicile, and the petition may be amended by inserting an allegation of an act of bankruptcy committed at an earlier date if such earlier act is charged in either of the other petitions. The seventh rule provides that, where two or more petitions shall be filed by creditors against a common debtor, alleging separate acts of bankruptcy committed by said debtor on different days within four months prior to the filing of said petitions, and the debtor shall appear and show cause against the adjudication in bankruptcy against him on the petitions, that petition shall be first heard and tried which alleges the commission of the earliest act of bankruptcy; and, in case the several acts of bankruptcy are alleged in different petitions to have been committed on the same day, the court before which the same are pending may order them to be consolidated, and proceed to a hearing as upon one petition.

In the instant case there is only one object sought by the petition; that is, the adjudication of the timber company in bankruptcy. While several distinct acts or grounds are assigned for such action, they all lead to the same one conclusion. By allowing several acts of bankruptcy to be set forth in one petition with a view to have one adjudication in bankruptcy, we cannot see that any positive injury results to the insolvent debtor. Certainly not if the failure of the creditors on one alleged act of bankruptcy will not be res judicata to prevent the creditors from bringing another action. On the other hand, if it should be res judicata, it furnishes a sufficient reason why all the acts of bankruptcy committed by the insolvent within four months, and known to the creditors, should be included in one petition.

It is further contended that the petition of creditors was insufficient, and wholly defective, because, it is said, the petition does not show an act of bankruptcy committed within four months next preceding the filing of the petition; and because it fails to state facts on which the court can say that an act of bankruptcy has been committed, such as will apprise the defendant what act is relied upon to constitute an act of bankruptcy, and because the petition is not dated. The petition was filed on July 23, 1902. The two jurats to the oaths of creditors verifying the same are respectively dated the 12th of July, 1902, and the 16th of July, 1902. The preference charged in favor of the Bush Grocery Company and Michael Lyons Grocery Company is not given specific dates in the petition, the allegation being general that it was within four months. The preference charged in favor of Turner, president of the company, specifically sets out the transfer of cars of lumber was on April 11, 1902, and on specific days thereafter in April, 1902, up to April 29, 1902. As the petition must take date from the

day of filing, the transfers of lumber to Turner are shown by the petition to be within four months, and the facts alleged with regard to this transfer are sufficiently specific to show an act of bankruptcy, and fully apprise the defendant company of the facts and circumstances charged against it as constituting the act of bankruptcy. The preference in favor of A. Kory & Sons is specifically charged as on the 13th day of May, 1902—clearly within four months, counting either from the dates of the jurats or the filing of the petition. The facts with regard to the preference of Kory & Sons are not as fully set forth as good practice requires, and, if the petition of the creditors had relied solely upon that preference as an act of bankruptcy, the petition would have been so far defective as to require amendment. As, however, the creditors did not rely wholly upon that preference as an act of bankruptcy, and as, in fact, the defendant was fully, if not better, informed of the matter than the petitioning creditors could be, we think no reversible error intervened. At all events, as the petition is sufficient in fully stating a preference in favor of Turner, president, there was no error in overruling the demurrer to the petition.

The plaintiff in error also contends that the court erred in striking from the files the first answer filed by the Bradley Timber Company, but we think that in this he can hardly be serious, because the said answer seems obnoxious on all the grounds alleged in the motion to strike. The alleged answer does not conform to the form for answers prescribed by the United States Supreme Court orders. It is prolix, and admixed with supposed grounds of the demurrer to the original petition, which had already been disposed of by the court. It is not properly verified, and it did not admit, nor unevasively deny, upon the oath of a competent person, the material facts alleged in the petition. Besides, another answer was filed. See Campbell v. Haverhill, 155 U. S. 610, 15 Sup. Ct. 217, 39 L. Ed. 280.

The transcript shows that on the trial of the case before a jury the plaintiffs below offered in evidence the original files and papers in the circuit court of Mobile county, Alabama, in the case of A. Kory & Sons v. Bradley Timber Company, the minute book of the court showing the judgment rendered in the case, the original execution issued therein, the sheriff's return thereon showing levy, advertisement, and the sale thereunder, all of which judgment, entry, execution, sheriff's indorsement and return thereon were admitted over the objection of defendant below. The objections of the defendant, which were numerous, and are brought here under numerous assignments of error, attack the evidence offered in every possible shape, being so minute and particular that it would seem difficult for any small error to escape, and they are based on objections to the sufficiency of the original petition in the case, and upon the proposition that the original papers, although identified by the proper custodian, were in fact secondary evidence, and therefore not admissible as long as certified copies, which it is alleged would be primary evidence, were obtainable. So far as the objections to the admission of this evidence on the ground of insufficiency of the petition are concerned, we have already passed upon that matter, and adversely to plaintiff in error. The proposition that original files and papers, when identified by the proper custodian, con-

stitute secondary evidence, is not, in our judgment, tenable; for, while we know the general rule to be that such documents are proved by certified copies, yet we can think of but one objection to the introduction of originals, and that is that a court of record is not likely to consent to permit its files and records to be carried to another forum, where they may be indefinitely impounded. We think there is no error in the ruling of the court in respect to this evidence.

On the trial the petitioners below introduced one R. P. Roach, attorney of record for A. Kory & Sons in the suit against the Bradley Timber Company, as a witness, who testified that he collected the money under the execution; that there were no pleas introduced by the defendant, and it was a judgment nil dicit. Defendant below objected to this evidence as immaterial and irrelevant. The court overruled the objections, and the defendant excepted. Defendant's counsel then asked the witness, "Did not the Bradley Timber Company resist A. Kory & Sons in the matter of obtaining said judgment, and, if so, to what extent did it make resistance?" Petitioners below objected to said question, because it called for immaterial and irrelevant evidence, and because the record was the best evidence. The court sustained this last objection, and the defendant excepted thereto. In this court the plaintiff in error does not insist upon the objections to the inadmissibility of Roach's evidence for the petitioners, but does insist that the court erred prejudicially in sustaining the objection to the question last propounded the witness. We doubt if any of the evidence of witness Roach was relevant to the issue involved. Whether or not an insolvent makes resistance to legal proceedings of a creditor to obtain preference is not very material. It may show good faith on his part, but the act of bankruptcy declared in the law is "suffering or permitting" a judgment which will result in a preference, and a failure to vacate the same within at least five days before a sale or disposition of the property affected by such preference. The bankrupt law seeks to prevent, and, if obtained by any means, to set aside, preferences obtained against an insolvent within four months; and, in order to effect an equal distribution of insolvent's property among creditors, it contemplates a resort to the bankruptcy court in all cases of such preferences, no matter whether the bankrupt has consented thereto or opposed the same. If a bankrupt fails to discharge a preference obtained through legal proceedings within at least five days before the property affected by the preference is disposed of, that is an act of bankruptcy, and on the proof of the same the insolvent may be adjudged a bankrupt. Wilson v. Nelson, 183 U. S. 191, 22 Sup. Ct. 74, 46 L. Ed. 393.

The remaining assignments of error complain of the peremptory charge in favor of the petitioners and the refusal of the peremptory charge in favor of the defendant. As to this matter, it seems to be settled that, where each party asks the court to instruct a verdict in its favor, it is equivalent to a request for a finding of facts, and, if the court directs the jury to find a verdict for one of them, both are concluded on the findings of facts. Beuttell v. McGone, 157 U. S., 154, 15 Sup. Ct. 566, 39 L. Ed. 654. In that case it was held that, where both parties asked the court to instruct a verdict, both affirmed

that there was no disputed question of fact which could operate to deflect the question of law.   And Mr. Justice White, for the court, said:

"This was necessarily a request that the court find the facts, and the parties are, therefore, concluded by the finding made by the court, upon which the resulting instruction of law was given.   The facts having been thus submitted to the court, we are limited in reviewing its action to the consideration of the correctness of the finding on the law, and must affirm if there be any evidence in support thereof"—citing Lehnen v. Dickson, 148 U. S. 71, 13 Sup. Ct. 481, 37 L. Ed. 373; Runkle v. Burnham, 153 U. S. 216, 14 Sup. Ct. 837, 38 L. Ed. 694.

In the instant case, the judge having found the facts and instructed for the plaintiffs below, we need only inquire whether there was any evidence to support such finding; and in this record we find, irrespective of the evidence in regard to the judgment in favor of Kory & Sons, that there was sufficient evidence to prove that a large quantity of timber belonging to the Bradley Timber Company was, within four months prior to the institution of the bankruptcy proceedings, and when said timber company was insolvent, transferred to and appropriated by the president of the Bradley Timber Company, apparently to pay an indebtedness of said timber company to the said president.

On the whole case we perceive no reversible error, and the judgment of the district court is therefore affirmed.