EMPIRE STATE CATTLE CO. et al. v. ATCHISON, T. & S. F. RY. CO.*

(Circuit Court of Appeals, Eighth Circuit. July 9, 1906.)

No. 2,276.

1. TRIAL—DIRECTION OF VERDICT—REQUEST BY BOTH PARTIES—INSTRUCTIONS.
    Where both parties request a directed verdict, and the request of one of them is accompanied or followed by requests for other instructions to the jury, such other requests do not of themselves amount to a withdrawal of the request for a directed verdict, and do not require the court to submit the case to the jury in case the request for a directed verdict submitted by the party asking such additional instructions is denied.
    [Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trial, §§ 399, 400.]

2. SAME.
    Where, at the conclusion of the evidence, both parties move for a directed verdict, each thereby asserts that there is no disputed question of fact that can control or affect the conclusion of law that on all the evidence he is entitled to prevail.
    [Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trial, § 400.]

3. WRIT OF ERROR—DIRECTED VERDICT—REVIEW.
    Where, at the close of all the evidence, both parties move for a directed verdict, and the court directs a verdict for the defendant, the only questions reviewable on a writ of error are whether there

*Rehearing denied November 16, 1906.

was substantial evidence supporting the conclusion of the court, and whether any error of law occurred during the trial.

[Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error, §§ 3474, 3475.]

4. SAME—ASSIGNMENTS OF ERROR.

An assignment that the trial court erred after refusal of plaintiff's request for a peremptory instruction in refusing to charge the jury at plaintiff's request instructions numbered 1 to 13, inclusive, is fatally defective for failure to comply with Court of Appeals Rule 11.

[Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error, §§ 3013–3016.]

5. SAME.

Assignments that the court erred in refusing plaintiff's request for a directed verdict, and that it erred in granting the like request of defendant, taken together present the single question for review, whether under the circumstances of the case, the court erred in directing a verdict for defendant instead of for plaintiff, when both invoked the action of the court.

Sanborn, J., dissenting in part.

In Error to the Circuit Court of the United States for the District of Kansas.

For opinion below, see 129 Fed. 480; 135 Fed. 135.

This was an action by the cattle company and others to recover from the railway company damages alleged to have been sustained by a wrongful deviation and the negligence of the defendant in respect of a shipment of 778 head of cattle over its lines, resulting in the death of part of them and injury to the others. The acts and omissions of the defendant which were complained of were in connection with and in view of an unprecedented flood in May, 1903, in the Kansas and Missouri rivers. The defendant received the cattle May 25, 1903, in Texas, for transportation over its lines to Atchison, Kan., and thence over connecting lines to South Dakota. It was claimed that the defendant was negligent and acted wrongfully in the following particulars:

(1) In detaining the cattle at Strong City, Kan., south of the Kansas river, from May 27th to the 29th, and in not forwarding them on the 27th across the river at Topeka and thence to Atchison, where they could have been delivered to a connecting carrier without interference from the rising waters.

(2) After keeping them at Strong City until the 29th of May, in not then detaining them longer until the subsidence of the flood would permit of their further transportation in safety.

(3) In their deviation from the route contracted for to Kansas City at the mouth of the Kansas river between which point and Atchison the defendant had no connecting line.

(4) In endeavoring to head off the flood by landing and depositing the cattle in pens on the bank of the Kansas river near its mouth, when it knew of the flood and its continued rise from May 27th to the 30th.

(5) In failing to move the cattle from their position of peril at Kansas City after having wrongfully transported and placed them there.

The trial was to a jury, and at the conclusion of the evidence the court directed a verdict for the defendant. This writ of error challenges the action of the court in directing the verdict and in certain other respects, to which attention is directed in the following opinion.

James S. Botsford (Buckner F. Deatherage and Odus G. Young, on the brief), for plaintiffs in error.

Gardiner Lathrop and C. Angevine (Robert Dunlap, Wm. R. Smith and Angevine & Cubbison, on the brief), for defendant in error.

Before SANBORN, HOOK, and ADAMS, Circuit Judges.

HOOK, Circuit Judge, after stating the case as above, delivered the opinion of the court.

At the conclusion of the evidence the plaintiffs preferred a written request that the court direct a verdict in their favor and by a separate writing also asked that 13 other instructions directed to particular features of the case be given to the jury. The defendant likewise asked that a verdict be directed in its favor. After an extended consideration of both requests for a directed verdict the court denied the plaintiffs' and sustained that of the defendant. The special requests of the plaintiffs were denied. A verdict was accordingly returned for the defendant, and it had judgment.

It is a familiar rule that if at the conclusion of the evidence in an action at law each party requests the court to direct a verdict in his favor and the court acts upon the invitation thus given and directs the jury to return a verdict for one of them and against the other, the only questions open on appeal are: First, was there substantial evidence supporting the conclusion of the court? and, second, did any error of law occur during the trial? This doctrine first found expression in Beuttell v. Magone, 157 U. S. 154, 15 Sup. Ct. 566, 39 L. Ed. 654, where the court said:

"As, however, both parties asked the court to instruct a verdict, both affirmed that there was no disputed question of fact which could operate to deflect or control the question of law. This was necessarily a request that the court find the facts, and the parties are, therefore, concluded by the finding made by the court, upon which the resulting instruction of law was given. The facts having been thus submitted to the court, we are limited in reviewing its action to the consideration of the correctness of the finding on the law, and must affirm if there be any evidence in support thereof."

This court has applied the rule in the following cases: Western Express Co. v. United States (C. C. A.) 141 Fed. 28; Phenix Insurance Co. v. Kerr, 64 C. C. A. 251, 129 Fed. 723, 66 L. R. A. 569; United States v. Bishop, 60 C. C. A. 123, 125 Fed. 181. It has also been applied in the seventh circuit (Insurance Co. v. Wisconsin Central Railway Co., 134 Fed. 794, 67 C. C. A. 300). In the fifth circuit (McCormick v. National City Bank [C. C. A.] 142 Fed. 132; West v. Roberts, 68 C. C. A. 58, 135 Fed. 350; Bradley Timber Co. v. White, 58 C. C. A. 55, 121 Fed. 779). And in the second circuit (Magone v. Origet, 17 C. C. A. 363, 70 Fed. 778; Merwin v. Magone, 17 C. C. A. 361, 70 Fed. 776; Chrystie v. Foster, 9 C. C. A. 606, 61 Fed. 551. See Signa Iron Co. v. Greene, 31 C. C. A. 477, 88 Fed. 207).

It is said, however, that by submitting the 13 requests for special instructions the plaintiffs showed their purpose not to so invoke the action of the court that they would be thereafter precluded from going to the jury. Some warrant for this contention may be found in the cases from the second circuit, in each of which it is recited either in the opinion or in the preceding statement that when the requests

by both parties for a directed verdict were made neither of them requested that any question of fact should be submitted to the jury. The qualification, it it be one, suggested by these cases seems to have had its origin in a rule of practice obtaining in the state of New York, in which all of them arose. Sutter v. Vanderveer, 122 N. Y. 652, 25 N. E. 907; Kirtz v. Peck, 113 N. Y. 222, 21 N. E. 130; Koehler v. Adler, 78 N. Y. 287. The Court of Appeals of the Sixth Circuit came to a similar conclusion in Minahan v. Railway, 138 Fed. 37, though the case there was peculiarly circumstanced. At the conclusion of the evidence the defendant submitted a request for a directed verdict, and the trial court, while passing upon it, indicated that it was about to grant it. It then permitted plaintiff's counsel to interrupt and to present a number of requests for instructions, the first of which was that the plaintiff was entitled to a verdict; the only question for a jury being as to the amount of damages. The others related to matters of law and fact involved in the case. When permission was thus given plaintiff's counsel to file his requests the court assured him he should have the benefit of them. A verdict for the defendant was nevertheless directed. It was held that the rule in question must rest upon the implication of consent, and that it was repelled by the request for additional instructions, and by the further fact that the trial court was co-operating with plaintiff's counsel in his effort to save the questions so presented.

In Insurance Co. v. Wisconsin Central Railway Co., supra, the Court of Appeals of the Seventh Circuit, after reciting that both parties moved for a directed verdict, said:

"The record shows that the court reviewed the evidence and stated the ultimate facts substantially as we have done, and thereon announced the legal conclusion that the policies were in force. After the court thus virtually ended the case the insurance company could not revive its right to demand a jury trial and to predicate error on the court's refusal to submit the cause to the jury."

We are of the opinion that where both parties invoke the action of a trial court by requests for a directed verdict, and the request of one of them is accompanied, as in this case, or followed by requests for other instructions to the jury, such other requests do not, by themselves, amount to a withdrawal of the one for a directed verdict. The request for a directed verdict is first in insistence upon the attention and action of the court. It searches the entire case for the legal sufficiency and effect of the evidence, and as long as it remains before the court to be acted upon it takes precedence. If granted, the others serve no purpose. The question should not be determined wholly by a presumed intention of the party to waive or not to waive a submission of the facts to the jury. Regard must be had to the legal import of his action, the position in which he has placed the court, what he has asked it to do and the effect of its decision so invoked. When, at the conclusion of the evidence, the parties move for a directed verdict, each of them asserts to the court that there is no disputed question of fact that can operate to deflect or control the conclusion of law that upon all of the evidence he is entitled to prevail. There

is in such a case a request by each of them that the court announce its finding of the ultimate fact and give effect to its conclusion of law by direction to the jury. There is a joinder in the issue, and when the court has accepted and acted upon the invitation, and has rendered its decision practically disposing of the case, it is then too late for the defeated one to say that his intention to go to the jury is shown by other requests for instructions.

It is true that the Supreme Court held in Beuttell v. Magone, supra, that a request by each party for a peremptory instruction was not equivalent to a stipulation waiving a jury and a submission of the cause to the court within the intendment of sections 649 and 700, Rev. St. [U. S. Comp. St. 1901, pp. 525, 570], but it was so held with reference to the contentions there made: First, that there being no written stipulation the decision below could not be reviewed upon writ of error; second, that even if the request of both parties in open court be treated as a written stipulation, the correctness of the decision below could not be examined because it was in the form of a general finding on the whole case. The court while making the distinction, nevertheless announced the rule heretofore indicated. If both parties should join in a writing in the nature of a demurrer to the evidence, each saying in his own behalf in express terms that there is no disputed question of fact for the jury, and that under the law he is entitled to the verdict and judgment, and asking the court to review the evidence to ascertain the ultimate fact and to then declare the resulting conclusion of law, and the court being so requested acts thereon and directs a verdict for one and against the other, we take it that the mere presence, without more, of written requests of the latter for special instructions would not destroy the action of the court and make it an idle and ineffectual proceeding. And yet the conditions supposed are in legal effect those of the case at bar.

Passing to the questions open to review: It cannot be denied that there was substantial evidence supporting the conclusion of the trial court. It is sufficient to say, without setting it forth at large, that there was much evidence on behalf of the defendant tending to prove its defense to each charge of negligence and wrong asserted by the plaintiffs. With this conclusion our investigation of the facts can proceed no further.

But four assignments of error are relied on by the plaintiffs. In one it is said that the trial court erred "after the refusal of said peremptory instruction, in refusing to give and charge the jury at plaintiffs' request instructions numbered from 1 to 13, inclusive." Under repeated decisions of this court applying the eleventh rule this assignment presents no question challenging the attention of the court to the merits of the several requests. Of the remaining assignments one asserts that the trial court erred in refusing plaintiffs' request for a directed verdict and the other two that it erred in granting the like request of defendant. Taken together, these three assignments present the single question whether, under the circumstances of the case, the court erred in directing a verdict for defendant instead of

for plaintiffs when both invoked the action of the court. The limitations upon the scope of our inquiry in such case have already been stated.

The judgment is affirmed.

SANBORN, Circuit Judge (concurring). The only reason why the request of each party for a directed verdict in his favor estops him from a determination of any question in his case, by a jury, and, when one of the requests is granted, restricts the inquiry in the appellate court to errors of law occurring at the trial and the existence of substantial evidence to support the conclusion of the court, is that these requests demonstrate the fact that each party waives his right to the determination of any question of fact by the jury and requests the court to decide them all. But when a party requests the court to instruct the jury to return a verdict in his favor and at the same time prefers a series of requests for instructions to the jury, the presentation of these requests conclusively shows that he does not intend to waive, and does not waive, his right to a determination by the jury of every question of fact which remains in the case. The effect of such a series of requests is to say to the court that in the opinion of the party who prefers it the evidence is so conclusive in his favor that he is entitled to a verdict on the ground that there is no evidence which will sustain a verdict against him, that if the court is of his opinion he requests the direction, but that if the court is of the opinion that the evidence is not of this conclusive character in his favor, then he requests the court to submit the issues to the jury under the other instructions he presents. The series of requested instructions to the jury which generally accompanies a request for a directed verdict has no other office but to indicate that the party who presents them does not waive his right to a trial by jury, but insists upon it if his request for a directed verdict is denied, and if they do not have this effect, they are without meaning, purpose or effect. No opinion or decision opposed to this view has been cited except McCormick v. National City Bank, 142 Fed. 132, 133, in which no reason for the conclusion is presented, and Judge Shelby dissents. In no other case where the appellate court has held that the right to a submission of the questions of fact to the jury was waived by requests for an instructed verdict was the claim made that the accompanying requests for instructions to the jury demonstrated the fact that the party did not intend to waive and did not waive it. In my opinion, the right to a submission to the jury of every question of fact upon which the evidence is not so conclusive that a verdict but one way could be sustained, is waived only when a request or motion for a directed verdict, without other requests, is made by each party, and it is expressly reserved and demanded by presenting, with a request for a directed verdict, requests for other instructions to the jury respecting the issues of fact in the case. The experience of the profession, the practice in the trial courts and the opinions of the appellate courts, in my opinion, uniformly sustain this view. Minahan v. Grand Trunk Western Railway Co.

(C. C. A.) 138 Fed. 37; Chrystie et al. v. Foster, 9 C. C. A. 606, 61 Fed. 551; Sigua Iron Co. v. Greene, 31 C. C. A. 477, 480, 88 Fed. 207; Kirtz v. Peck, 113 N. Y. 226, 21 N. E. 130; Sutter v. Vanderveer, 122 N. Y. 652, 25 N. E. 907; McCormick v. National City Bank (C. C. A.) 142 Fed. 132, 133. I am therefore compelled to dissent from the conclusion of the majority that the question whether or not there was any evidence which would have sustained a verdict for the plaintiffs was not properly preserved and presented for our consideration. But, after a careful and deliberate examination of the evidence, and the points and arguments of counsel, I concur in the result, on the grounds that there was no error at the trial prejudicial to the plaintiffs, and that the evidence was insufficient to sustain a verdict in their favor.

For opinion below, see 129 Fed. 480; 135 Fed. 135.