De Burg v. Armenta, 22 N. M. 443.

[No. 1948.   April 7, 1917.]
DE BURG v. ARMENTA.

SYLLABUS BY THE COURT.

1. If at the close of the evidence in an action of law, each party requests the court to direct a verdict in his favor, and the court acts upon the invitation thus given and directs the jury to return a verdict for one of them and against the other, the only questions open on appeal are: First, was there substantial evidence supporting the conclusion of the court; and, second, did any error of law occur during the trial?

P. 445

2. In ejectment a directed verdict for defendant on the ground that plaintiff's evidence failed to show any encroachment of defendant's house over the line of plaintiff's lot, and

that the evidence of such line was vague and uncertain, held sustained by the evidence.                                   P. 446

3.  By their request for a directed verdict the parties in effect requested the court to find facts, and are therefore concluded by its finding if supported by substantial evidence.
                                                        P. 449

Appeal from District Court, Bernalillo County; H. W. Raynolds, Judge.

Action in ejectment by Dolores Otero de Burg against Manuela Armenta. Judgment for defendant on a directed verdict, and plaintiff appeals. Affirmed.

H. B. JAMIESON of Albuquerque for appellant.

Land was sufficiently identified and it was unnecessary to establish exact amount of encroachment at all points for all purposes of case.

15 Cyc. 94; 17 Cent. Dig. 2363; Trustees La Joya Grant v. Trustees Belen Grant, 20 N. M. 145; Speight v. Jenkins, 5 N. E. 385; Louis v. Giroir, 38 La. A. 723.

MARRON & WOOD of Albuquerque and A. B. RENEHAN of Santa Fe for appellee.

The projection of the eaves of defendant's house was not such an ouster as would support ejectment.

Sedw. & Waite on Trial of Title to Land (2d Ed.), Sec. 156; Vrooman v. Jackson, 6 Hun. (N. Y.) 326; Aiken v. Benedict, 39 Barb. 400; Norwalk Heating Co. v. Vernam, 75 Conn. 662.

### STATEMENT OF FACTS.

The appellant, Dolores Otero de Burg, brought this action in ejectment in the district court of Bernalillo county against the defendant, Manuela Armenta, alleging that she was the owner of a certain lot, known as lot 26 in block 3 of the Perea addition to the city of Albuquerque,

as the same is designated on a plat of that addition filed in the office of the probate clerk and recorder of Bernalillo county; that the defendant is the owner of lot 27 adjoining said lot 26 belonging to plaintiff, and that said defendant in constructing a house on said lot 27 encroached on plaintiff's lot 26 approximately three inches in width for the whole length of said lot on the division line between said lots 26 and 27. Plaintiff prays for a writ of possession, commanding the sheriff to deliver to plaintiff this strip of land, and for such other relief to which she may be entitled. The defendant answered, admitting ownership in lot 27 and putting in issue the ownership of lot 26, and further set up that after the purchase by her of the lot in question she procured a competent surveyor to lay out the line of the lot, and proceeded immediately to erect a house thereupon and within the borders of her lot as she believed them to be, and further alleged estoppel by pleading knowledge of the fact that she had erected the house upon her lot with the full knowledge of the plaintiff and her predecessors in title, without objection or protest against such erection and other matters of alleged estoppel which it is not necessary, at this time, to consider. After the taking of considerable evidence, at the close of the case both parties moved for an instructed verdict, whereupon the court instructed the jury for the defendant on the ground that the plaintiff failed to sufficiently identify the property for which suit was brought. From the verdict and judgment thereupon the plaintiff prosecutes this appeal.

## OPINION OF THE COURT.

HANNA, C. J. (after stating the facts as above.) [1] It has been well stated to be a familiar rule that if at the close of the evidence in an action at law, each party requests the court to direct a verdict in his favor, and the court acts upon the invitation thus given and directs the jury to return a verdict for one of them and against the other, the only questions open on appeal are: First, was there substantial evidence supporting the conclusion of the court, and, second, did any error of law occur during

the trial? Beuttell v. Magone, 157 U. S. 154, 15 Sup. Ct. 566, 39 L. Ed. 654; Home Savings Bank of Des Moines, Iowa, v. Woodruff et al., 14 N. M. 502, 94 Pac. 957; Empire State Cattle Co. v. A., T. & S. F. Ry. Co., 147 Fed. 457, 77 C. C. A. 601; Western Express Co. v. United States, 141 Fed. 28, 72 C. C. A. 516; Phenix Ins. Co. of Brooklyn, N. Y. v. Kerr, 129 Fed. 723, 64 C. C. A. 251. 66 L. R. A. 569; United States v. Bishop, 125 Fed. 181, 60 C. C. A. 123; Insurance Co. of North America v. Wisconsin Cent. Ry. Co., 134 Fed. 794, 67 C. C. A. 300; McCormick v. National City Bank of Waco, 142 Fed. 132, 73 C. C. A. 350, 6 Ann. Cas. 544; West v. Roberts et al., 135 Fed. 350, 68 C. C. A. 58; Bradley Timber Co. v. White et al., 121 Fed. 779, 58 C. C. A. 55; Magone v. Origet, 70 Fed. 778, 17 C. C. A. 363; Merwin v. Magone, 70 Fed. 776, 17 C. C. A. 361; Chrystie el al. v. Foster, 61 Fed. 551, 9 C. C. A. 606; First National Bank of Albuquerque v. Stover, 21 N. M. 453-471, 155 Pac. 905, L. R. A. 1916D, 1280; Kirtz v. Peck, 113 N. Y. 226, 21 N. E. 130; Sutter v. Vanderveer, 122 N. Y. 652, 25 N. E. 907.

[2] The only essential question presented is whether the trial court erred in instructing the jury to return a verdict for the defendant upon the ground of defendant's motion that the plaintiff's evidence failed to show or establish any encroachment of the defendant's house over the line of the plaintiff's lot; and upon the further ground that the plaintiff's evidence failed to show or establish any encroachment of the defendant's house over the line of the plaintiff's lot; and upon the further ground that the evidence of such encroachment was vague, indefinite, and uncertain as to the lines of the defendant's lot, or as to whether the north line of the defendant's lot was at right angles with the street, or to what extent, if any, the defendant's house did, as a matter of fact, encroach upon or cross the line between the said lots, so that under the evidence, as given, it would be impossible to establish what portion, if any, of the lot is encroached upon by defendant's house, and impossible to render a verdict upon which a definite judgment for a definite amount of land could be rendered; and upon the further ground that the plaintiff failed to

De Burg v. Armenta,. 22 N. M. 443.

establish the outlines of the property or lots in question by any competent evidence from which it could be determined where the lines were. As pointed out, the court sustained the motion of the defendant, assigning as reasons therefor failure of proof to sufficiently identify the property for which the suit was brought, and that plaintiff had not proved her case. The question of the action of the trial court, therefore, hangs upon whether or not the line between lots 26 and 27 was established with that certainty required to show that the defendant had encroached upon the lot of plaintiff. It appears that plaintiff first offered proof of her ownership of lot 26 of block 3 of the Perea addition, consisting of portions of an abstract of title referring to a certain map of the addition.

The first witness called in behalf of the plaintiff was a surveyor, one J. G. Doane, who testified to recently making a survey of the lots in question; that he found that the block in which the lots were situated was eighteen-hundredths of a foot short of the measurment given by the plat, which difference he apportioned among the other lots in proportion to their lengths as platted, and that this showed lots 25 and 26 to be 46.97 feet instead of 47 feet, as shown on the plat. According to his survey the foundation stones for the defendant's house at the northwest corner only projected three inches over the dividing line between the lots in question. It is argued here, upon evidence presented to the trial court, that this witness in fixing his lines arbitrarily apportioned to each of the lots in the block, in proportion to the space occupied by it on the west boundary of the block, its equivalent part of this shortage, instead of applying the shortage to the fractional lot as had been done by the person making the plat, and that had the shortage been all applied to the fractional lot, the measurement of this witness would have shown no encroachment. The testimony of this witness was in some respects somewhat impaired by the cross-examination, so that it cannot be clearly or definitely stated that his testimony conclusively showed an encroachment by the defendant on the lot of the plaintiff.

The next witness called for plaintiff was also a sur-

veyor, Mr. James N. Gladding, who had made a survey of the property for the plaintiff, but in doing so had paid no attention to the position of defendant's house, and was unable to say whether or not it encroached upon the line as found by him; his testimony being largely directed to the location of certain monuments and corners. An examination of the record discloses no particular value in his testimony so far as fixing the extent of any encroachment of the defendant on the lot of the plaintiff, and upon this question is apparently valueless.

Mr. John B. Burg, the husband of plaintiff, was the next witness for the plaintiff, and he testified to an encroachment on the lot of plaintiff by the house constructed by defendant, stating such encroachment to be three inches at the foundation and seven inches at the eaves. He also testified that the line established by Mr. Gladding conformed to the line established by Mr. Doane.

The defendant was called in her own behalf and testified that she had built her house some years before, and had at that time had her lot line located by a surveyor, who placed stakes upon the ground, and that her house was erected within the lines thus established.

The second witness for the defendant testified to the fact that he had helped build the house, and that it was constructed with reference to the stakes set by the surveyor, to which cords had been attached, the house being constructed within such lines thus established.

Nicholas Blea, the third witness, also testified to the same facts as testified to by the second witness.

Mr. Pitt Ross, a surveyor, was then called, who testified that he had located the lines of the defendant's property before she built her house, and had surveyed out the correct lines as he ascertained it from the map of the Perea addition, marking the line with the usual surveyor's stakes and nails, that stakes were put at the four corners of the lot, and that the house was built a month or so afterwards. Upon cross-examination of this last witness it was developed that on a partial survey made the day before he had found that the foundation extended an inch and a half north of the lot line. The manner of arriving at this

conclusion, however, did not appear, and the witness designated his last survey as a partial survey. This was the condition of the evidence at the time of the motion interposed by both parties for an instructed verdict.

The trial court was evidently more impressed by the fact that the plaintiff had failed to prove an encroachment by the defendant upon the lot of plaintiff, and at least considerable doubt had been thrown| upon the case of plaintiff by the testimony of witnesses for the defendant.

[3] By the request for a directed verdict the parties, in effect, requested the court to find the facts, and are therefore concluded by the finding made by the court if the same be supported by substantial evidence. The defendant in this case had procured a survey to be made, and she and two other witnesses testified to the fact that the house was constructed within the lines of that survey. The trial court evidently agreed with these witnesses, and found against the contention of plaintiff, for which reason it would appear that the case should be affirmed; and it is so ordered.

PARKER, J., concurs. ROBERTS, J., did not participate.