## ST. JOHN et al. v. BIRD.

(Supreme Court, Appellate Term. May 15, 1908.)

1. APPEAL—REVIEW—PRESUMPTIONS—FINDING IN FAVOR OF SUCCESSFUL PARTY.

Where both parties moved for a verdict at the close of the case, and neither party asked to go to the jury upon any question, every fact having the support of sufficient evidence will be presumed on appeal to have been found in favor of the successful party.

2. ATTORNEY AND CLIENT—COMPENSATION—ACTION — EVIDENCE — CONTRACT — CONTENTS.

In an action to recover for legal services rendered by plaintiff to defendant to establish his right to a seat as a member of the state assembly, which was contested, the evidence examined, and *held* to show that defendant agreed to pay plaintiffs whatever allowance he might receive from the state as expenses of the contest, even though such allowance should include both personal expenses and counsel fees.

Appeal from City Court of New York, Trial Term.

Action by Frederick St. John and Alfred J. Talley, as copartners, against Patrick H. Bird. From a judgment for plaintiff, and an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and GREENBAUM, JJ.

Wentworth, Lowenstein & Stern (Louis Lowenstein, of counsel), for appellant.

John J. Linehan (Alfred J. Talley, of counsel), for respondents.

GIEGERICH, J. The trial judge directed the jury to find a verdict in favor of the plaintiffs, with costs, and denied an application made

by the defendant for a new trial. At the close of the entire case each party moved for a verdict in his own favor, and neither asked to go to the jury upon any question, and consequently, as the appellant's counsel frankly admits in his brief, every fact having the support of sufficient evidence is presumed to have been found in favor of the successful party. Sutter v. Vanderveer, 122 N. Y. 652, 25 N. E. 907.

The action is brought to recover the sum of $1,000 on account of legal services rendered by the plaintiffs to the defendant in a proceeding in which the latter's right to a seat as a member of the Assembly was contested. The undisputed evidence is that the plaintiffs' firm was retained by the defendant to represent him in such impending contest, and he agreed to pay them whatever allowance was made to him as the successful party to the contest, in the event he did succeed. He won in the contest, and the plaintiffs subsequently rendered him a bill aggregating the sum of $3,500 for their services in the matter. One of the plaintiffs, speaking of this bill, testified.

"I gave it to Mr. Bird, who said to me he had to present it to the committee on contested seats as representing the expense which he had incurred in his contest."

In due course the legislative authority having power in the matter made an allowance in the sum of $1,000, the voucher for which was put in evidence and which ran as follows:

State of New York to Patrick H. Bird, Dr.

For personal expenses and counsel fees incurred in the contest of William E. Ryan for the seat of the Ninth assembly district of the county of New York, as provided in chapter 578, Laws of 1907................$1,000.00

1296

Paid July 26, 1907.

Approved at $1,000.                              Wm. J. Grattan,
     Chairman Assembly Committee on Privileges and Elections for 1906.
Received payment.                              Patrick H. Bird.

Following which is an affidavit of Mr. Bird that he "actually incurred personal expenses and counsel fees" in such contest in the amount of $1,000. The appellant bases his argument upon the proposition that the plaintiffs were to have only the amount which was allowed him as counsel fees, and that there was no proof of what such amount was; the $1,000 in question having been granted "for personal expenses and counsel fees."

This claim leaves out of account the evidence that the defendant's agreement to pay the plaintiffs was that they should be paid by an allowance which he expected would be awarded him, and which he said ought to be $2,500 or $3,000, as in the preceding year such an allowance had been made to an assemblyman whom he named. There is also the further evidence that the defendant, when he received the plaintiffs' bill, said that he had to present it to the committee on contested seats "as representing the expenses which he had incurred in his contest." From this it seems to me it can fairly be inferred that the defendant agreed to pay the plaintiffs whatever allowance he might receive, even though such allowance should be based in part upon personal expenses incurred by him, as distinguished from counsel fees. It

can also be fairly inferred that he had no personal expenses, as distinguished from counsel fees, because he stated to one of the plaintiffs, when he received their bill, that he had to present that bill to the committee on contested seats "as representing the expenses which he had incurred in his contest."

The judgment should be affirmed, with costs. All concur.