UNITED STATES of America,
Appellee,

v.

McLEAN TRUCKING COMPANY, and
Maryland Casualty Company,
Appellants.

No. 12245.

United States Court of Appeals
Fourth Circuit.

Argued June 21, 1968.

Decided Sept. 9, 1968.

Edmund I. Adams, Winston-Salem, N. C., for appellants.

William H. Murdock, U. S. Atty., (Richard M. Dailey, Jr., Asst. U. S. Atty., on the brief) for appellee.

Before SOBELOFF, BRYAN and BUTZNER, Circuit Judges.

SOBELOFF, Circuit Judge:

The judgment appealed from upheld the Secretary of the Treasury's assessment of an import duty and an internal revenue tax on a drum of distilled spirits. Appellants, McLean as principal, and and Maryland Casualty as surety on a carrier's bond in favor of the United States, attack the assessments on the ground that the Secretary failed to prove that, at the time of its receipt, the drum, which was subsequently lost in transit, actually contained any taxable or dutiable spirits. Alternatively they argue that, on the facts of this case, the missing drum could not have been full at the time of importation and that consequently they are entitled to at least a proportional allowance on the sum assessed. Finding that no such burden lay upon the Government, and that appellants failed to establish their right to the allowance of any portion of the amount assessed, the District Court held appellants liable for the full assessment, $1076.81. We are in accord with this conclusion and affirm the District Court's judgment.

The case was presented below on a set of stipulated facts which we briefly sum-

marize. McLean received a shipment of distilled spirits at the port of Baltimore for delivery into the custody of customs officers at Louisville, Kentucky. In accepting the cargo, McLean duly noted on the customs forms that a number of the drums were either empty or leaking.[1] Of particular importance is the notation that the shipment contained only two unnumbered drums, one of which was empty and the other was leaking. The drums were then loaded onto McLean's truck, which at the request of its driver, was not immediately sealed,[2] and were transported to the consignee, Bardstown Distilling Company. Although the truck arrived at Bardstown on a holiday when only a few employees and no customs officials were present, the driver decided to transfer the drums to one of Bardstown's own trucks, which was then sealed. No inventory was taken at that time. The next day, when the cargo was again unloaded, this time in the presence of a customs official, it was discovered that one of the unnumbered drums was missing.

It is this assessment, on the gin supposedly contained in the lost drum, which appellants contest. They insist that the Secretary has the initial burden of proving that McLean actually received the merchandise upon which the tax and duty were levied. In essence, appellants' position is that all duties or taxes levied on imported spirits attach at the time of importation, Bercut-Vandervoort & Co. v. United States, 151 F.Supp. 942, 944 (Cust.Ct.1957), and that on the basis of the facts stipulated, primarily the exceptions noted when McLean accepted the shipment, the missing drum was either empty or leaking at that critical time. As appellants acknowledge in their brief, "[h]ere, there is no way to know what, if anything, ever entered the United States and then passed into the possession of McLean." The Government must, according to appellants, resolve this issue before a valid assessment may be made.

■ Our own research discloses, however, contrary to appellants' assertion, that the burden of proving the precise amount of merchandise imported lies upon the party claiming an allowance. See Meadows, Wye & Co. v. United States, 12 Ct.Cust.App. 396 (1924); Merwin v. Magone, 70 F. 776 (N.Y. 1895). Consequently, the single issue confronting us is whether this burden has been adequately discharged. We think not.

■ The noted exceptions, upon which the appellants so heavily rely, are not binding on the Secretary. Their insistent suggestion that the empty unnumbered drum was the one lost in transit is certainly weakened by the fact that an empty unnumbered drum was in fact delivered to the consignee. Moreover, the Government's evidence tends to prove that these exceptions were not completely accurate. One numbered drum, though listed as leaking was actually full when received at the destination and a second, though not noted as leaking, was almost empty when weighed at the receiving distillery. This last circumstance has particular bearing on appellants' alternative contention that if the drum was not empty at the time of importation, then it was certainly leaking. In light of the demonstrated inaccuracies, we cannot say that the Secretary acted arbitrarily in refusing to accept the noted exceptions wholecloth. But even if he assumed the accuracy of the exceptions, absent a showing by claimants of the precise amount lost by leakage prior to importation, we think the Secretary was justified in assessing the duties and taxes on the basis of a full drum. See Balfour v. Sullivan, 17 F. 231

1. The stipulation specifically provided: "[Sixty-five] drums were received subject to the following exceptions: Drums numbered 1, 2, 5, 20, 23, 24, 30, 518, and one unnumbered drum were noted to be empty;

Drums numbered 4, 28, 37, 509, 511, 512, 517, and one unnumbered drum were noted to be leaking."

2. Although the truck was subsequently sealed, the precise time of the sealing cannot be determined from the record.

(Cal.1883). See also 26 U.S.C. § 5006(b) (1).

Concluding that the Secretary properly assessed a tax and duty on a full drum of spirits, we must deal with a second contention, not vigorously pressed by appellants, that under the provision of 19 U.S.C. § 1563(a) and 26 U.S.C. §§ 5006, 5008, they qualify for an allowance for the duties and taxes levied on distilled spirits lost or destroyed while in transit under bond. In broad discretionary terms, section 1563(a) authorizes the Secretary of the Treasury,

> "upon production of proof *satisfactory to him* of the loss or theft of any merchandise while in the appraiser's stores, or of the actual injury or destruction, in whole or in part, of any merchandise by accidental fire or other casualty, * * * while in transportation under bond, * * * to abate or refund, as the case may be, the duties upon such merchandise, in whole or in part * * *." (Emphasis added.)

The section concludes,

> "[t]he decision of the Secretary * * as to the abatement or refund of the duties on any such merchandise shall be final and conclusive upon all persons."

Section 5008(a) provides similarly:

> "(1) Extent of loss allowance.—No tax shall be collected in respect of distilled spirits lost or destroyed while in bond, except that such tax shall be collected—

> (A) Theft.—In the case of loss by theft, unless the Secretary or his delegate finds that the theft occurred without connivance, collusion, fraud, or negligence on the part of the * * * carrier * * *; and

> (B) Voluntary destruction.—In the case of voluntary destruction, unless such destruction is carried out as provided in subsection (b) (1).

> (2) Proof of loss.—In any case in which distilled spirits are lost or destroyed, whether by theft or otherwise, *the Secretary * * * may require the proprietor of the distilled spirits or other person liable for the tax to* file a claim for relief from the tax and *submit proof as to the cause of such loss.* In every case where it *appears* that the loss was by theft, *the burden shall be upon the * * * person responsible for the distilled spirits tax to establish to the satisfaction of the Secretary * * * that such loss* did not occur as the result of connivance, collusion, fraud, or negligence on the part of the * * * carrier * *." (Emphasis added.)

Even the most cursory examination of these sections shows the congressional purpose to thrust the burden of proof on the party claiming an allowance or rebate. See Calvert Distilling Company v. United States, 153 F.Supp. 384, 139 Ct.Cl. 295 (1957). McLean, however, has made no effort to account for the lost drum, other than to surmise in its brief that once empty, it may have been discarded as worthless. The force of this suggestion is far from compelling when it is clear from the record that at least nine empty drums were transported from Baltimore to Louisville and that it was the practice of the carriers to deliver the entire shipment, regardless of its condition.

Nor did the carrier proffer any evidence, as the statute directs, to demonstrate that it was free from fault. Moreover, by not sealing its truck immediately upon loading the shipment and then permitting the drums to be unloaded at their destination without an inventory being made and out of the presence of a customs official, McLean contributed to the aura of uncertainty that surrounds the missing drum.

On these facts, we cannot say that the Secretary acted beyond his authority or unreasonably in denying the abatement. The judgment of the District Court is therefore

Affirmed.